IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30748
_____

ELZADIA MILLER,

Plaintiff-Appellant,

versus

BELLSOUTH BUSINESS SYSTEMS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-2039)

_____

March 14, 2000

Before JOLLY and DENNIS, Circuit Judges, and DAVID D. DOWD,[*] District Judge.

PER CURIAM:[**]

After reviewing the record and the district court's memorandum ruling, we find no reversible error in the district court's judgment holding that the plaintiff failed to create a genuine issue of material fact with respect to whether she was substantially limited in the major life activity of working. See Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 725 (5th Cir. 1995). Furthermore, we find the district court's opinion to be completely

---

[*]District Judge of the Northern District of Ohio, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

consistent with our precedent.  See Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1120 (5th Cir. 1998)(stating that evidence establishing that the plaintiff cannot perform one particular job is "insufficient for a reasonable jury to find a substantial limitation on a major life activity");  Price v. Marathon Cheese Corp., 119 F.3d 330, 336 (5th Cir. 1997)(stating that because plaintiff worked prior to her discharge, and because "she testified that she believed she was capable of doing other jobs;" she was not "disabled" within the meaning of the ADA);  Ellison v. Software Spectrum, Inc., 85 F.3d 187, 191 (5th Cir. 1996)(stating that despite the fact that plaintiff's "ability to work was affected, . . . far more is required to trigger coverage under [the ADA]");  Dutcher, 53 F.3d at 723; and Chandler v. City of Dallas, 2 F.3d 1385 (5th Cir. 1993).

The judgment of the district court is

A F F I R M E D.

Dennis, Circuit Judge, dissenting.

Elzadia Miller was employed by South Central Bell and related companies for over twenty years. She worked as a service order typist and a service order writer beginning in 1972. In July 1991 she injured her wrists and hands. In May 1992, as a result of these injuries, her doctors permanently restricted her from performing certain types of work involving fine gripping and repetitive motion work on computers and typewriters. In May 1993, her medical restrictions were modified to restrict her from more than an occasional use of office equipment that would require holding her hands in a fixed position. Miller returned to light duty work in October 1993. In the first quarter of 1994, Miller's employer eliminated the position of service order writer in Louisiana as well as in other states. Miller was offered the option of moving to Baton Rouge or New Orleans and being promoted to a service representative. She declined to leave Shreveport and entered the company's job bank, which enabled her to receive termination pay at her regular monthly rate of pay spread over a period of several months while continuing to receive preferential consideration for vacancies in equal or lower rated jobs that might become available. No such vacancies occurred in the Shreveport area.

In response to this suit by Miller against BellSouth alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117, et seq., BellSouth moved for summary judgment, contending that Miller could not establish a prima facie case of

3

disability discrimination because, among other reasons, she is not an individual with a disability.  Miller filed an opposition to which BellSouth replied.  Miller attached brochures for a variety of voice input computer systems to her opposition.  She asserted that these systems could have allowed BellSouth to adequately accommodate her disability.

The district court granted BellSouth's motion for summary judgment on the ground that Miller had failed to show that there was a genuine dispute as to the crucial threshold issue of fact, viz., whether Miller's impairment significantly restricts her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. *See* 29 C.F.R. § 1630.2(j)(3).  The summary judgment record, including Miller's affidavit and deposition testimony, establishes without dispute that Miller's impairment prevented her from typewriter and computer and keyboard use as well as more than an occasional use of any office equipment that would require holding her hands in a fixed position.  Miller contended that her opposition evidence was sufficient to defeat summary judgment because (1) it established that typing was virtually always the primary aspect of her work for her employer for over twenty years and (2) that her inability to perform typewriter, computer and other keyboard and office machine work significantly restricts her in the ability to perform a class of jobs and a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities

to her own; that, in fact, her training, knowledge and skills restrict her to jobs that she can no longer perform because of her impairment. The district court, however, found her opposition insufficient because: "There is no evidence, other than Miller's own testimony and her medical restrictions, concerning her ability to perform her job duties....[She] offers no affidavits or other methods of proof regarding her assertions beyond her conclusory allegations. Furthermore, '[t]he inability to perform one aspect of a job while retaining the ability to perform the work in general does not amount to a substantial limitation of the activity of working.'" (citing *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723,727 (5th Cir. 1995)); *see also* 29 C.F.R. § 1630.2(j)(3); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1120 (5th Cir. 1998); *Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 191 (5th Cir. 1996).

To determine whether an impairment rises to the level of a "disability" as defined by the ADA, courts use a two-step analysis: first, they consider whether the impairment substantially limits a major life activity other than working, and second, they consider whether the impairment substantially limits the plaintiff in working. *See, e.g.*, *Dutcher*, 53 F.3d at 726, n.10; *Love v. City of Dallas*, 1997 WL 278126 *4 (N.D. Tex. 1997)(Buchmeyer, C.J.). In this appeal, Miller does not argue that her impairment has any effect on any activity other than her work. Accordingly, this court need only consider whether Miller presented sufficient

5

evidence to create a genuine issue of fact as to whether her impairment substantially limits her in working.

>With regard to the activity of working:
>
>The term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i); *see also Dutcher*, 53 F.3d at 727. This Circuit has stated that three other factors can be considered when determining whether an impairment substantially limits the major life activity of working:

>(A) The geographical area to which the individual has reasonable access;
>
>(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
>
>(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training,

6

knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

*Dutcher*, 53 F.3d at 727, n. 13 (citing 29 C.F.R. § 1630.2(j)(3)(ii)(A)-(C)).

In my opinion, Miller has created a fact issue for the jury as to whether she is substantially restricted in her ability to perform a class of jobs or a broad range of jobs in various classes due to her impairment. Therefore, I cannot agree that summary judgment was correctly rendered against Miller on the issue of whether her impairment constitutes a "disability" under the ADA.

The district court, in effect, adopted a standard of proof in ADA cases that is unprecedented in this Circuit and has overwhelmingly been rejected by other circuits. In essence, the district court held that, because Miller provided no quantitative evidence detailing the relevant job market, no reasonable juror could conclude that she was significantly restricted in her ability to perform either a class or a broad range of jobs. The statute, regulations and case law do not require quantitative evidence of the sort the district court seems to demand for an ADA plaintiff's prima facie case of disability.

This court has not required a plaintiff to present vocational experts at the summary judgment stage to assess the number and types of jobs utilizing similar training, knowledge, skills or abilities within the plaintiffs geographic area. Although this

7

court in *Dutcher* did list such factors as factors that "can be considered" by a court, the factors are not required to enable a plaintiff to survive summary judgment when the plaintiff, through other evidence, can make out a fact issue as to whether he or she was substantially limited in his or her ability to perform a class of jobs.

The correct interpretation of the EEOC guideline and our *Dutcher* opinion is that the factors listed in 29 C.F.R. § 1630.2(j)(3)(ii) are factors that "may be considered" "[i]n addition to" the nature, severity, duration, and impact of the impairment. "If either party chooses to use those factors to bolster its case, such evidence is relevant; however, neither party must present such evidence, and such evidence is not a part of the plaintiff's burden of production. Thus, a plaintiff (as in the instant case) can create a fact issue as to whether he or she has a disability without reference to those factors if the plaintiff presents other sufficient evidence that he or she has a disability." *Love*, 1997 WL 278126 at *6, n.2.

Of course, a plaintiff cannot establish that she is substantially limited in her ability to work simply by showing an impairment to her performance of one particular job. *See Sutton v. United Airlines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 2151 (1999). It is not required, however, that ADA plaintiffs prove a negative, viz., that almost all jobs are outside their reach in order to avoid summary judgment or a judgment as a matter of law. *See DePaoli v. Abbott Labs.*, 140 F.3d 668, 672 (7th Cir. 1998) ("[A]n

8

employer cannot avoid liability by showing that the employee is still generally capable of doing some economically valuable work in the national economy..."). Rather, a plaintiff is only required to present "at least some evidence from which one might infer that [she] faced 'significant restrictions' in her ability to meet the requirements of other jobs." *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 507 (7th Cir. 1998) (describing what plaintiff must do to defeat a motion for summary judgment); *see also Duncan v. Washington Metropolitan Area Transit Authority*, 201 F.3d 482, 490-91 (D.C. Cir. 2000) (Edwards, C.J., dissenting); *Swain v. Hillsborough County Sch. Bd.*, 146 F.3d 855, 858 (11th Cir. 1998) ("Although a plaintiff seeking recovery under the ADA is not required to provide a comprehensive list of jobs which she cannot perform, the person must provide some evidence beyond the mere existence and impact of a physical impairment to survive summary judgment.") (citing *Wooten v. Farmland Foods*, 58 F.3d 382, 386 (8th Cir. 1995); *Dutcher*, 53 F.3d at 727-28; *Bolton v. Scrivner, Inc.*, 36 F.3d 939, 942-44 (10th Cir. 1994)).

As Chief Judge Edwards observed in his dissenting opinion in *Duncan*:

Most of the decisions from our sister circuits have found a triable issue of fact regarding a plaintiff's disability without even mentioning quantitative evidence detailing the relevant job market. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1175 (9th Cir. 1998) (per curiam) (finding that plaintiff was substantially

9

limited in his ability to work because of depression, post-traumatic stress disorder, and panic attacks, while referring to no quantitative vocational evidence); *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir. 1998) (finding genuine issue of material fact regarding whether plaintiff's psoriasis substantially limited her ability to work with no reference to evidence regarding job availability); *Baert v. Euclid Beverage, Ltd.*, 149 F.3d 626, 630 (7th Cir. 1998) (finding plaintiff's evidence sufficient to overcome summary judgment where he testified to potential hospitalization due to insulin-dependent diabetes); *Criado v. IBM Corp.*, 145 F.3d 437, 442 (1st Cir. 1998) (finding, in affirming district court's denial of employer's motion for a judgment as a matter of law, that the jury could have reasonably concluded that plaintiff's depression, testified to by plaintiff and physician, "substantially impaired the major life activity of working," while referring to no evidence regarding classes of jobs for which she was disqualified); *Cline*, 144 F.3d at 303-04 (finding a jury verdict of intentional discrimination under the ADA supportable where plaintiff showed that he was disqualified from maintenance supervisory work, and where the court made no mention of vocational evidence); *Gilday v. Mecosta County*, 124 F.3d 760, 765 (6th Cir. 1997) (finding sufficient evidence to create a question of fact as to whether plaintiff's diabetes is a disability under the ADA because plaintiff's condition made him irritable and unable to cooperate with co-workers, an ability "necessary for all

10

but the most solitary of occupations," without reference to quantitative vocational evidence); *Best v. Shell Oil Co.*, 107 F.3d 544, 548 (7th Cir. 1997) (finding that summary judgment for defendant was improper even though the record did not show how many jobs plaintiff was disqualified from because of the impairment); *Roush v. Weastec, Inc.*, 96 F.3d 840, 844 (6th Cir. 1996) (finding a genuine issue of material fact as to whether bladder infection resulted in a substantial limitation of working with no reference to testimony about job market); *Pritchard v. Southern Co. Svcs.*, 92 F.3d 1130, 1134 (11th Cir. 1996) (finding sufficient evidence for the case to go to the jury where an engineer suffered symptoms of "marked fatigue, lack of energy, lack of interest, poor concentration, memory problems, suicidal thoughts, depressed affect, and irritability" that limited her ability to work in nuclear engineering, even though she was able to work as a non-nuclear engineer).

*Duncan*, 201 F.3d at 493-494 (Edwards, C.J., dissenting).

The present case is not one in which the plaintiff's impairment disables her from performing one aspect of a job while retaining the ability to perform the work in general. *See Sherrod*, 132 F.3d at 1120 (medical restrictions on heavy lifting disqualified plaintiff for the position of flight attendant but not a class of jobs or broad range of jobs); *Ellison*, 85 F.3d at 191 (cancer treatment affected but did not significantly restrict employee in continuing to work); *Dutcher*, 53 F.3d at 727 (welder continued to work for the same employer as a non-climbing welder,

although her ability as a climbing welder was impaired); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999)(myopic pilots were neither disabled (because their impairments were fully correctable with visual devices) nor regarded as disabled, although airline refused to hire them as global pilots (because global pilot is a single job and other pilot positions were available to them, such as regional pilot and pilot instructor)).

Nor is the present case an obvious situation in which the plaintiff failed to allege exclusion from a sufficiently broad class of jobs. *See Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 861 (5th Cir. 1999) (finding position of pharmacist not to be a class of jobs); *Bridges v. City of Bossier*, 92 F.3d 329, 334-36 (5th Cir. 1996) (finding that the category of firefighting jobs is not a "class of jobs"); *Muller v. Costello*, 187 F.3d 298, 313 (2d Cir. 1999) (stating that the category of "correctional officer" was not a "class of jobs" under the ADA); *Patterson v. Chicago Ass'n for Retarded Citizens*, 150 F.3d 719, 725-26 (7th Cir. 1998) (finding insufficient evidence of a substantial limitation where plaintiff was only disqualified from one sort of teaching position); *Daley v. Koch*, 892 F.2d 212, 215 (2d Cir. 1989) ("Being declared unsuitable for the particular position of police officer is not a substantial limitation of a major life activity."); *cf. Duncan v. Washington Metropolitan Area Transit Authority*, 201 F.3d 482, 488-89 (D.C. Cir. 2000)(Transit authority employee's back-related 20-pound lifting restriction insufficient to show substantial limitation on ability to work).

Keyboard work on typewriters, computers, and similar office equipment was the primary aspect and core function of Miller's work. Although the plaintiff has not provided detailed evidence of her educational background, training, or qualifications for other jobs, she has demonstrated that for over twenty years she has done nothing but secretarial or clerical work in which typewriter and computer keyboard labor was the main essential physical element; and that she cannot perform the jobs she had been doing most of her life or any other comparable job that would require full-time typing or keyboard work or more than occasional use of any office equipment requiring a fixed hands position. It is not subject to reasonable dispute and is generally known within the territorial jurisdiction of the trial court that in Shreveport, Louisiana, and cities of its size, secretarial and clerical jobs requiring skillful performance of keyboard work on typewriters, computers and similar office equipment is both a major class of jobs and a broad range of jobs in various classes.

Because the summary judgment cannot be legitimately affirmed on the basis upon which it was granted, I respectfully dissent from the majority's summary affirmation.

13