# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3098

_____

| | | |
|---|---|---|
| Kathy F. Johnson, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Otter Tail County, Minnesota, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: May 14, 2001
Filed: June 14, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Kathy F. Johnson appeals from the district court's[1] summary judgment dismissal of her action in favor of her former employer, Otter Tail County, on her claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, and the Minnesota Workers' Compensation Act, Minn. Stat. § 176.82. We affirm.

_____

[1]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota, sitting by consent of the parties. See 28 U.S.C. § 636(c); see also Fed. R. Civ. P. 73(a).

Johnson had alleged that the County failed to reasonably accommodate her disability by reassigning her to a vacant position for which she was qualified and failed to offer continued employment within her restrictions. The district court concluded that the County had no continuing duty to accommodate Johnson by reassigning her to a vacant position when her employment relationship with the County had terminated at the end of her Family and Medical Leave Act leave.

Upon de novo review, and viewing the evidence in the light most favorable to Johnson, see Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999), we conclude the district court properly granted summary judgment to the County as to (1) Johnson's failure-to-accommodate claim, see Treanor v. MCI Telecomms. Corp., 200 F.3d 570, 574 (8th Cir. 2000) (prima facie case under ADA); and (2) Johnson's state law claim under Minn. Stat. § 176.82 subd. 2, because the duty to offer continued employment existed only while Johnson was still employed with the County. Johnson failed to meet her burden of creating a genuine issue of fact as to her termination date and as to her first request for accommodation, which post-dated her termination, see Fjellestad v. Pizza Hut of America, Inc., 188 F.3d 944 (8th Cir. 1999) (employee must request an accommodation to give rise to the employer's duty to begin the interactive process so as to determine whether she can perform the essential functions of the job that she holds, or desires); Mole v. Buckhorn Rubber Prods., Inc., 165 F.3d 1212, 1218 (8th Cir. 1999) (post-termination requests for accommodation are not properly viewed as requests for accommodation at all but, rather, as requests for reinstatement), cert. denied, 528 U.S. 821 (1999); Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995) (recognizing that ADA protections cease after an employee is terminated); 29 C.F.R. § 1630.2(o) at 20 (EEOC Interpretive Guidance on Title I of the ADA interpreting that the duty to reassign exists for a finite period of time); Cravens v. Blue Cross and Blue Shield of Kansas City, 214 F.3d 1011, 1019 n.5 (8th Cir. 2000) (noting duty to reassign lasts for a short period of time), and nothing else in Johnson's submissions persuades us that summary judgment was improper.

Moreover, there is no indication that Johnson presented any evidence of work that she could have performed prior to her termination, given her disability status, and for which she was qualified. See Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1048-49 (8th Cir. 1999) ("The fact that [Browning] continued to heal, gain strength and use of her arm, once again becoming a qualified individual who could perform the essential functions of the job, does not obviate the fact that she was not a qualified individual at the time of her termination, and thus not under the protective umbrella of the ADA.")

Magistrate Judge Raymond L. Erickson wrote an extensive opinion for the district court rejecting Ms. Johnson's contentions and dismissing the action on summary judgment. For the reasons stated therein and summarized in part here, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.