UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MELISSA COX,

　　　　*Plaintiff-Appellant,*

v.

CIVISTA MEDICAL CENTER,

　　　　*Defendant-Appellee.*

No. 00-2563

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-00-1654-PJM)

Submitted: July 24, 2001

Decided: August 6, 2001

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Joe C. Ashworth, Leonardtown, Maryland, for Appellant. Sharon A. Snyder, Stephen B. Stern, OBER, KALER, GRIMES & SHRIVER, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Melissa Cox appeals the district court's order granting her former employer's motion to dismiss her complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) in her action asserting discriminatory discharge. Cox alleged she was illegally discharged based on her disability under the Americans With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 2000) ("ADA"). For the following reasons, we affirm.

We review dismissals under Rule 12(b)(6) de novo, taking the facts as stated in the complaint as true. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). However, in light of Cox's statement that she is restricted to lifting no more than twenty pounds, we find there is "'[no] set of facts that could be proved consistent with [her] allegations'" that would entitle Cox to relief. *See id.* (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

In order to state a claim cognizable under the ADA, Cox must demonstrate she has a disability. A disability is defined by the ADA as: (A) a physical or mental impairment that substantially limits one or more of an individual's major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment. *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 348 (4th Cir. 1996) (per curiam) (citing 42 U.S.C.A. § 12102(2) (West 1995)). However, in *Williams*, we noted that a lifting restriction of twenty-five pounds did not constitute a substantial limitation to a major life activity, including work. 101 F.3d at 349. Furthermore, the fact that Cox's restriction is modestly more severe than the restriction considered in *Williams* does not compel a different outcome, as courts have found twenty-pound lifting restrictions equally unimpairing. *See McKay v. Toyota Motor Mfg., USA, Inc.* 110 F.3d 369, 371, 373 (6th Cir. 1997); *Wooten v. Farmland Foods*, 58 F.3d 382, 384, 386 (8th Cir. 1995). Accordingly, we find no error in the district court's conclusion that Cox failed to demonstrate a disability as defined in subsections (A) or (B) of the statute.

With respect to subsection (C), although *Williams* does not preclude Cox from demonstrating a disability under that provision, we note that neither Cox's complaint nor her proffer to the district court in an effort to amend her complaint to state such a claim was sufficient to do so. In order to state a claim under subsection (C), a plaintiff must allege her employer "entertained a misperception about the individual," or that the "employer regarded [her] as having an impairment within the meaning of the [ADA]." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999); *Francis v. City of Meriden*, 129 F.3d 281, 285 (2d Cir. 1997). However, the allegations in Cox's complaint and her proffer are insufficient to "demonstrate either that the employer regarded the employee as disabled or that [that] perception caused the adverse employment action." *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 703 (4th Cir. 2001) (noting an employer's awareness of a limitation, without more, does not state a claim under subsection (C)) (internal quotation omitted). As a result, Cox's attempt to amend her complaint was futile. *See HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir.) (providing standard of review for denial of a motion to amend), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3702 (U.S. June 18, 2001) (No. 00-1624). Therefore, we conclude both that the district court did not abuse its discretion in declining to allow Cox to add a specific claim under subsection (C) and that the district court's dismissal of Cox's complaint for failure to state a claim under subsection (C) as initially pled was not erroneous.

Accordingly, we affirm the district court's dismissal of Cox's action under the ADA for failure to state a claim upon which relief could be granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*