Hubert **WOOTEN**, Plaintiff–Appellant,

v.

**FARMLAND FOODS**, Defendant–Appellee.

No. 94–3558.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1995.

Decided June 28, 1995.

Michael P. Dowd, Omaha, NE, argued, for appellant.

Denise Drake Clemow, Kansas City, MO, argued (William Martucci and Michaela Warden, on the brief), for appellee.

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Hubert Wooten appeals the district court's [1] grant of summary judgment in favor of Farmland Foods in his employment discrimination suit. Wooten alleged that Farmland Foods terminated him on the basis of a perceived disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213. Finding no material dispute of fact, the district court held that Wooten is not a qualified individual with a disability under the ADA and that Wooten's claim is barred by the doctrine of after-acquired evidence because he falsified portions of his employment application. We affirm on the first issue, and we decline to reach the second.

## I.

Wooten was employed by Farmland Foods as a ham boner from August 1990 until his discharge on December 21, 1992. During the course of his employment, he sustained injuries to his shoulder for which he sought medical care. Wooten was diagnosed with bilateral carpal tunnel syndrome and generalized inflammation, including tendinitis of the left hand and left shoulder. He was off work for two weeks in June 1992, nursing this medical condition and also serving a criminal sentence for driving while intoxicated. When he returned to work after this two-week period, Wooten was restricted to light duty which was available at the plant at that time. In September 1992, an independent worker's compensation medical examin-

er determined that Wooten was capable of returning to full duty without restrictions but suggested minimal exposure to overhead reaching, which Farmland was able to accommodate.

In December 1992, Wooten provided Farmland Foods with a doctor's note restricting his work activities as follows: "light duty—no work with meat products—no work in cold environment—lifting 10 lbs. frequently 20 lbs. maximum." (App. at 134.) At that time, no jobs were available to accommodate the physical restrictions that Wooten's doctor imposed. Farmland Foods' supervisors met with Wooten in an attempt to gain a better understanding of the restrictions, but Wooten offered no further explanation than that contained in the doctor's note. The supervisors then terminated Wooten, stating that the termination was due to his disability (the extent of which they were skeptical), the unavailability at that time of light duty jobs that would accommodate the restrictions imposed by his doctor, and their unwillingness to terminate another employee in order to provide Wooten with a job compatible with his physical restrictions.

Wooten filed a grievance, claiming that he was terminated without just cause. The grievance was denied at each step of the process. At one point, Farmland Foods retained an investigator who videotaped Wooten shoveling snow at home, thus confirming their suspicions that Wooten's restrictions were not legitimate.

Approximately one month after Wooten's termination, a smokehouse operator position became available at Farmland Foods. Wooten applied for this position and believed that it would accommodate his physical restrictions. Farmland Foods did not hire Wooten. Instead it hired an individual who had less seniority than Wooten and who was working in the same department that Wooten had worked in.

Wooten filed this employment discrimination suit, alleging that Farmland Foods discriminated against him on the basis of his

---

1. The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

disability and that Farmland Foods refused to reasonably accommodate him. The district court granted summary judgment for Farmland Foods, concluding that there was no material issue of fact in dispute to indicate that Wooten either had or was regarded as having an impairment that substantially limited his major life activities and that therefore, he was not a disabled person under the ADA. The district court also concluded that Farmland Foods would have terminated Wooten in any event based upon certain after-acquired evidence showing that Wooten had falsified portions of his employment application. Wooten appeals.

## II.

■ Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review a grant of summary judgment de novo, applying the same standards as the district court. *Crawford v. Runyon*, 37 F.3d 1338, 1340 (8th Cir.1994). "Because discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant." *Id.* at 1341.

■ The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). A plaintiff seeking relief under the ADA must establish that he is a disabled person within the meaning of the ADA, that he is qualified to perform the essential functions of his job either with or without reasonable accommodation, and that he was terminated because of his disability. *White v. York Int'l Corp.*, 45 F.3d 357, 360–61 (10th Cir.1995). *See also Mason v. Frank*, 32 F.3d 315, 318–19 (8th Cir.1994) (explaining burden-shifting analysis).

■ The ADA defines "disability" as follows: [2]

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Wooten contends that he created a material question of fact concerning subsection (C)—whether Farmland Foods regarded him as having an impairment that substantially limits his major life activity of working in a meatpacking plant.[3]

■ Read in conjunction with subsection (A), subsection (C) prescribes that a person is considered disabled for purposes of the ADA if that person is "regarded as having" an impairment that "substantially limits" a "major life activit[y]." 42 U.S.C. § 12102(2)(C). The limiting adjectives "substantially" and "major" indicate that the perceived "impairment must be a significant one." *Byrne v. Board of Educ., Sch. of West Allis*, 979 F.2d 560, 564 (7th Cir.1992). A person is "regarded as having" an impairment that substantially limits the person's major life activities when other people treat that person as having a substantially limiting impairment. *See* 29 C.F.R. § 1630.2(*l*)(3). The focus is on the impairment's effect upon the attitudes of others. *Byrne*, 979 F.2d at 566. This provision is intended to combat the effects of "archaic attitudes," erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities. *See School Bd. of Nassau County v. Arline*, 480 U.S. 273, 279 & 285, 107 S.Ct. 1123, 1126 & 1129, 94 L.Ed.2d 307 (1987).

■ The ADA regulations include "working" as a "major life activity" which, if substantially limited or regarded as substantially limited by an impairment, would qualify a person as disabled within the meaning of the

---

**2.** The ADA defines disability substantially the same as the Rehabilitation Act of 1973 defines handicap, *see* 29 U.S.C. § 706(8)(B), so cases interpreting either will be instructive for this analysis. *See Chandler v. City of Dallas*, 2 F.3d 1385, 1391 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1386, 128 L.Ed.2d 61 (1994).

**3.** Wooten does not challenge the district court's decision that he does not actually have a substantially limiting impairment. Thus, we confine our discussion to subsection (C).

ADA. 29 C.F.R. § 1630.2(i). However, "working" does not mean working at a particular job of that person's choice. *See Welsh v. City of Tulsa, Okla.,* 977 F.2d 1415, 1417 (10th Cir.1992); *Maulding v. Sullivan,* 961 F.2d 694, 698 (8th Cir.1992), *cert. denied,* ___ U.S. ___, 113 S.Ct. 1255, 122 L.Ed.2d 653 (1993). "An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one." *Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 723 (2d Cir.1994), *cert. denied,* ___ U.S. ___, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).

■ Wooten attempted to raise a fact question on this issue by offering evidence that Farmland Foods' nurse understood that his work restrictions were permanent and his own statement that he was informed he was being discharged because of his disability. We conclude that this evidence is insufficient to create a material issue of fact with regard to whether Wooten was "regarded as having" a disability within the meaning of the ADA.

The evidence bearing on Farmland Foods' perception of Wooten's impairment indicates that its perception was not based upon speculation, stereotype, or myth, but upon a doctor's written restriction of Wooten's physical abilities. The December 1992 doctor's note gave no indication that Wooten's major life activities were substantially limited but indicated that Wooten was restricted to light duty work with no meat products and no work in a cold environment, work which was not currently available at Farmland Foods. Even if the nurse at Farmland Foods or Wooten's supervisors believed that his restrictions were permanent, restrictions against working with meat products in a cold environment would not substantially limit Wooten's major life activities. Farmland Foods doubted the sincerity and severity of Wooten's complaints and later confirmed their suspicions by observing Wooten doing physical activities outside of work (snow shoveling is work in a cold environment). Wooten's impairments, whether regarded as permanent or temporary, only appeared to prevent him from performing a narrow range of meatpacking jobs.

The evidence shows that after Wooten's absence in June due to his condition (and, conveniently, his jail sentence), he returned to light duty work, which Farmland had available at that time. There is also evidence that Wooten eventually returned to unrestricted duty, except for a suggestion that he avoid overhead reaching. Farmland Foods' decision to terminate Wooten based upon the physical restrictions imposed by his doctor, when no jobs accommodating those restrictions were currently available, does not indicate that Farmland Foods regarded Wooten as having a substantially limiting impairment.

■ Other evidence asserted by Wooten as generating a question of fact is not material to whether he was terminated due to a perception that he had a substantial impairment. Wooten offered evidence that Farmland Foods informed him it would not fire other employees in order to accommodate him. An employer is not required to make accommodations that would violate the rights of other employees. *Mason,* 32 F.3d at 319. Farmland Foods had no obligation to terminate other employees or violate a collective bargaining agreement in order to accommodate Wooten, even if it perceived him to have a substantial impairment. Similarly, Wooten's evidence that he applied but was not chosen for a job that would have accommodated his limitations is not material because the job became available only after he was terminated.

We conclude that the record reveals no material dispute of fact concerning whether Wooten was a disabled person within the meaning of the ADA. Thus, the district court properly considered and rejected Wooten's claim that Farmland Foods regarded him as having a substantial impairment. Because Wooten is not entitled to protection under the ADA, we need not address the after-acquired evidence issue. Accordingly, we affirm the judgment of the district court.