Todd **MARCUM**, Plaintiff,

v.

**CONSOLIDATED FREIGHTWAYS**, Defendant.

No. 5:98–CV–2799

United States District Court,
N.D. Ohio,
Eastern Division.

May 14, 1999.

722

Edward L. Gilbert, Law Offices of Edward L. Gilbert, Akron, OH, for Todd Marcum, plaintiff.

Manuel J. Asensio, III, Nancy E. Falk, Baker & Hostetler, Columbus, OH, for Consolidated Freightways, defendant.

Robert C. McClelland, Kirk R. Henrikson, Rademaker, Matty, McClelland & Greve, Cleveland, OH, for Virginia Balogh, movant.

Amie L. Bruggeman, Roetzel & Andress, Akron, OH, for Amie L Bruggeman, neutral.

## OPINION AND ORDER

GWIN, District Judge.

On December 2, 1998, Plaintiff Todd Marcum filed a complaint against his employer, Defendant Consolidated Freightways, alleging disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and violation of Ohio workers' compensation laws, Ohio Rev.Code Chapter 4123, *et seq.* [Doc. 1]. On April 12, 1999, Defendant Consolidated Freightways filed a motion for summary judgment against Plaintiff Marcum. Consolidated Freightways says it is entitled to judgment because no material issues of fact exist to warrant trial [Doc. 35].

In its motion, Defendant Consolidated asks the Court for judgment against Plaintiff Marcum, contending (1) Marcum is not "disabled" within the meaning of the ADA, (2) Marcum is not a "qualified individual with a disability" under the ADA, (3) Consolidated Freightways did not terminate Marcum, and (4) Marcum is not entitled to permanent "accommodation" in Consolidated Freightways' modified work program.

For the reasons that follow, the Court finds that Plaintiff Marcum is not "disabled" within the meaning of the ADA, that Plaintiff Marcum is not a "qualified

individual" under the ADA. The Court further finds that Defendant Consolidated Freightways did not terminate Marcum. Finally, the Court finds that Defendant Consolidated Freightways is not required to permanently assign Marcum to its modified work program.

Accordingly, the Court grants Defendant Consolidated Freightways' motion for summary judgment.

### I. Facts

Near August 8, 1989, Defendant Consolidated Freightways, an over-the-ground shipping company, hired Plaintiff Todd Marcum. Consolidated Freightways hired Marcum as a dock worker at its Akron, Ohio terminal. In that position, Plaintiff Marcum's loaded, unloaded, and moved freight within the terminal. In that position, Plaintiff Marcum is a member of the International Brotherhood of Teamsters. A collective bargaining agreement governs the terms of Marcum's employment.[1]

On October 7, 1995, Plaintiff Marcum suffered a work-related back injury. Doctors diagnosed the injury as a lumbosacral sprain. On October 25, 1995, Marcum applied for workers' compensation benefits. Defendant Consolidate Freightways certified Marcum's injury as occurring in the course and scope of his employment and began paying temporary total disability and medical benefits.

In their collective bargaining agreement, Consolidated Freightways and the Teamsters Union created a "Modified Work Program." This program is designed for work-restricted employees who are unable to perform their normal job assignments because of a job-related injury. The modified work program provides temporary positions for use in the injured employee's rehabilitation. To be eligible for this program, an employee's treating physician must release the employee to work eight hours a day, five days per week. At its

---

1. See excerpts from The National Master Freight Agreement, accompanying Defendant

Consolidated Freightways' Motion for Summary Judgement at Tab 5.

option, Defendant Consolidated Freightways may permit an employee not released for eight hours to participate in the program if the work will gradually accelerate rehabilitation. Injured employees are not eligible for the program if they are not expected to received an "unrestricted medical release."

On September 24, 1996, the plaintiff's treating physician, Dr. Price, placed Marcum on restricted medical release. Dr. Price released Marcum to work four hours a day, five days a week. Though Marcum's physician had not released him to work eight hours a day the defendant allowed Marcum to participate in the modified work program.[2] From September 1996 to May 1997, Plaintiff Marcum worked in the program and continued to receive workers' compensation benefits for temporary total disability. During this period, Marcum's condition remained unchanged and his physician continued to restrict his work.

On May 13, 1997, Defendant Consolidated Freightways requested Dr. Jon L. Weingart to evaluate Plaintiff Marcum's medical status. After examination, Dr. Weingart found Marcum had reached maximum medical improvement.[3] On July 22, 1997, Marcum's physician also wrote Constitution State Service Company, the defendant's workers' compensation service provider, and said that Marcum's work restrictions were permanent and not expected to improve.[4]

On or about July 25, 1997, Defendant Consolidated Freightways removed Plaintiff Marcum from the modified work program. In removing Marcum from the program, Consolidated Freightways considered the opinions of Dr. Weingart and Dr. Price indicating Marcum had reached maximum medical improvement. After deciding Marcum was no longer eligible for the program, Consolidated Freightways requested an order from the Industrial Commission of Ohio stating the plaintiff had reached maximum medical improvement.[5]

On January 14, 1998, the Industrial Commission held a hearing and issued a decision that Plaintiff Marcum had reached maximum medical improvement. The Commission denied Plaintiff Marcum's appeal of this ruling on February 26, 1998.[6]

In December 1998, Plaintiff Marcum underwent back surgery to remove a herniated disk. Defendant Consolidated Freightways paid for the surgery as part of Marcum's workers' compensation benefits. In February 1999, Defendant Consolidated informed Marcum that he was again eligible for the modified work program when released by his doctor. On or about April 17, 1999, Marcum's physician released him for restricted light-duty work. Plaintiff Marcum returned to Consolidated Freightways' modified work program on April 28, 1999.

2. Plaintiff Marcum's treating doctor also restricted him from sitting or standing for more than 20 minutes at a time, and from lifting more than ten pounds.

3. An employee whose medical condition achieved "maximum medical improvement" is not eligible for temporary total disability benefits. Ohio Rev.Code § 4123.56(A).

4. But see Dr. Price's letter dated July 25, 1997, stating that the "previous correspondence regarding Mr. Marcum's current restriction" was misunderstood. Here, Dr. Price represents that Marcum's disc injury was permanent, but his work restrictions were not. Defendant's Exhibit 12.

5. As part of the workers' compensation process, a third physician evaluated Plaintiff Marcum. On November 24, 1997, Dr. P.L. Soni examined Marcum and also found that Marcum had reached maximum medical improvement.

6. On March 9, 1998, Plaintiff Marcum wrote a letter to the Industrial Commission criticizing the handling of his case. The Commission wrote Marcum a letter explaining that the medical opinions of Dr. Weingart, Dr. Soni, and from Dr. Price supported finding he had reached maximum medical improvement.

Considering these facts, the Court reviews the defendant's motion.

## II. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be rendered when requested if the evidence presented in the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In assessing the merits of the motion, the court shall draw all justifiable inferences from the evidence presented in the record in the light most favorable to the non-moving party. *Woythal v. Tex–Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 414, 139 L.Ed.2d 317 (1997). However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256–57 (6th Cir.1998).

Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S.Ct. 2505.

## III. Discussion

In his complaint, Plaintiff Marcum alleges that he was discriminated against because of a disability, in violation of the ADA, 42 U.S.C. § 12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Rev.Code Chapter 4112, *et seq.* Defendant Consolidated Freightways disagrees, saying it is entitled to summary judgment because Plaintiff Marcum is not "disabled" or a "qualified individual" within the meaning of the ADA. The Court agrees with the defendant.

 The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To establish a violation of the ADA, a plaintiff initially carries the burden to make a *prima facie case* of discrimination due to a disability. Once the plaintiff makes a *prima facie* showing, the burden shifts to the employer to offer a legitimate reason for its alleged adverse action against the plaintiff.[7] Thereafter, the burden shifts back to the plaintiff to show the employer's reasons are pretextual. *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1183–84 (6th Cir.1996) (employing the *McDonnell Douglas* burdening shifting analysis in disability discrimination cases where there is no direct evidence of discrimination).

 To make a *prima facie* case of disability discrimination, a plaintiff must show that (1) he is a disabled person within the meaning of the ADA, (2) he is qualified to perform the essential functions of his job with or without accommodation, (3) he suffered an adverse employment decision because of the disability, (4) the employer knew or had reason to know of the disability, and (5) after rejection or termination, the position remained open or the plaintiff was replaced. *Monette*, 90 F.3d at 1185–86.

Here, the Court first decides whether Plaintiff Marcum has a disability and is a qualified individual within the meaning of the ADA. The Court then decides if Plain-

---

**7.** Failure by an employer to give an explanation upon a plaintiff's showing of a *prima facie case* creates a "mandatory inference that the employer intentionally discriminated against the disabled individual by taking adverse employment action 'solely' because of his or her handicap." *Monette,* 90 F.3d at 1185–86.

tiff Marcum suffered an adverse employment action, that is, whether Defendant Consolidated Freightways terminated him. The parties do not dispute that Defendant Consolidated Freightways knew of Marcum's injury.

### A.

The ADA defines disability as follows:

The term "disability" means, with respect to an individual—

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2)(A) –(C).

The Act also includes provisions for the Equal Employment Opportunity Commission ("EEOC") to further define the scope and reach of the statute. 42 U.S.C. § 12116. *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir. 1997). In this regard, the EEOC has defined "major life activity" to include both caring for oneself and working. *Id.* (citing 29 C.F.R. § 1630.2(1)); *see also Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633 (6th Cir.1998) (stating major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.") (citation omitted).

■ In this case, Plaintiff Marcum suggests that his back injury limits certain personal activities, including bowling, taking long walks, sitting or standing for long periods of time, and discomfort during sleep. Plaintiff Marcum also says his back injury limits his ability to work. Here, Marcum notes the job restrictions ordered by his physician. Marcum suggests that though he can work, Consolidated Freightways is unwilling to reasonably accommodate him.

Having reviewed the record, Plaintiff Marcum does not give sufficient evidence that his back injury is a disability for purposes of the ADA. Plaintiff Marcum does not show facts that his injury has substantially limited major life activities, including his ability to work.

■ To show that he is substantially limited in the "major life activity of working," Plaintiff Marcum must show facts that he is "significantly restricted" in his ability to perform "either a class of jobs or a broad range of jobs in various classes," compared to other workers with comparable training, skills, and abilities. *McKay*, 110 F.3d at 371. An inability to perform a single, particular job is not sufficient to "constitute a substantial limitation in the major life activity of working." *Id.* (discussing district court decision); 29 C.F.R. § 1630.2(j)(3)(i).

Here, the record evidence suggests that Plaintiff Marcum cannot perform his normal dock worker job. However, at relevant times, he could perform other work. Marcum's participation in Consolidated Freightways' modified work program before and after his back surgery is evidence of this.

Also, Plaintiff Marcum has not given evidence that his back injury has completely limited his access to or his ability to perform other jobs. Courts should consider such factors when deciding whether a person is "disabled." *McKay*, 110 F.3d at 373–73 (quoting 29 C.F.R. § 1630.2(j)(3)(ii)) (stating courts may consider (a) geographic area to which individual has access, (b) number of jobs within the geographic area requiring similar skills or training, or (c) the number of jobs in the area the individual is disqualified from because of his injury).

Plaintiff Marcum does not show evidence that his back injury precludes him from finding suitable work within a reasonable geographic area. Instead, he gives facts that his injury precludes him from doing tasks that require heavy lifting. In

this regard, Marcum's injury only impairs his ability to perform a narrow scope of jobs. This is not enough to classify Marcum's injury as a disability. "An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one." *McKay*, 110 F.3d at 373 (quoting *Wooten v. Farmland Foods*, 58 F.3d 382, 386 (8th Cir.1995) (citations omitted)).

For these reasons, the Court finds that Plaintiff Marcum does not have a disability within the meaning of the ADA. Having decided this, the Court next considers whether Marcum is a "qualified individual" under the ADA.

### B.

■ Plaintiff Marcum also bears the burden to show evidence that he is a "qualified individual" under the ADA. Title 42, U.S.C. § 12112 prohibits employers from discriminating against "qualified individuals with a disability." A plaintiff is a qualified individual with a disability if he can perform the essential functions of the employment position that the individual holds or desires with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Cassidy*, 138 F.3d at 633; *Monette*, 90 F.3d at 1178. "An individual claiming disability discrimination bears the burden of proposing an accommodation and showing that that accommodation is objectively reasonable." *Cassidy*, 138 F.3d at 634. The individual also must show they can perform their job with reasonable accommodation.

Here, Plaintiff Marcum says Defendant Consolidated Freightways has failed to reasonably accommodate him. Marcum challenges Consolidated Freightways' unwillingness to permanently assign him to the modified work program. Marcum argues that Consolidated Freightways must allow him to perform temporary work with or without reasonable accommodations. Marcum misinterprets his right to reasonable accommodation in Consolidated Freightways' modified work program.

The modified work program is a creature of the collective bargaining agreement between Defendant Consolidated Freightways and the Teamsters Union. Article 14, § 2 of the agreement sets out the terms and conditions of the program. It states in pertinent part:

(a) The employer may establish a modified work program designed to provide *temporary opportunity* to those employees who are unable to perform their normal work assignments due to disabling on-the-job injury. Recognizing that a transitional return-to-work program offering both physical and mental therapeutic benefits will accelerate the rehabilitative process of an injured employee, modified work programs are intended to enhance workers' compensation benefits and are not to be utilized as a method to take advantage of an employee who has sustained an industrial injury.

\* \* \* \* \* \*

It is understood and agreed that those employees who, consistent with professional medical evaluations and opinion, may never be expected to receive an unrestricted medical release, shall not be eligible to participate in a modified work program.

Agreement, Article 14, § 2 at 55–57.

■ Consolidated Freightways says the modified work program, by contract, is a temporary work assignment. The defendant says it is not required to use the program to permanently accommodate injured employees. The Court agrees.

First, the plain language of the bargaining agreement shows that the Union and the defendant designed the modified work program to provide a temporary opportunity for injured workers to rehabilitate. In fact, the same provision that allows employers to use such programs, cautions against abusing the program. This applies to employees and employers alike.

Second, case law does not support using modified work programs as a means to provide reasonable accommodation under the ADA. Some courts have found that as a general rule, employers are not required to contravene union bargaining contracts in order to accommodate injured employees. *Collins v. Yellow Freight Sys.*, 942 F.Supp. 449, 453 (W.D.Mo.1996) ("[O]nly employees with temporary disabilities were permitted into the Modified Work Program, and Defendant was not required to contravene this provision of the CBA in order to accommodate Plaintiff."); *see also Vaughan v. Harvard Industries, Inc.*, 926 F.Supp. 1340, 1348 (W.D.Tenn.1996) (stating the ADA "does not require employers to modify the actual duties of a job in order to make an accommodation for individuals who are not physically capable of performing them.").[8] This Court adopts this view.

Having reviewed the record here, the Court finds that Defendant Consolidated Freightways appropriately considered Marcum's suggested accommodation. Consolidated Freightways allowed Plaintiff Marcum to participate in the modified work program although Marcum's doctor had not released him to work eight hours a day, five days a week. This was permissible under the collective bargaining agreement. The record also shows the medical opinion of several doctors supported the defendant's decision to remove Marcum from the program.

Further, the record shows that as Plaintiff Marcum's medical condition improved, Consolidate Freightways agreed that Marcum he could return to the modified work program. Plaintiff Marcum returned to the modified work program on or about April 28, 1999.[9] Although the defendant here is not required to accommodate Plaintiff Marcum (because he is not "disabled" under the ADA), the Court finds that Consolidated Freightways has taken steps to help Plaintiff Marcum. This finding is especially evident considering Marcum has not proposed alternative measures of accommodation.

For these reasons, the Court finds Plaintiff Marcum is not a qualified individual under the ADA. Having decided this, the Court turns to Marcum's alleged termination.

## C.

Defendant Consolidated Freightways says it is entitled to summary judgment on Plaintiff Marcum's allegation that Consolidated Freightways terminated him from employment. The Court agrees.

■ The evidence shows that Consolidated Freightways did not fire Plaintiff Marcum. While Marcum's name did not appear on a seniority list, this does not show Marcum was fired. Instead, other record evidence shows the defendant released Marcum from light-duty work when it learned Marcum's back injury was not likely to improve.

First, on September 9, 1997, Ms. Virginia Balogh, a claim representative with Consolidated Freightways's workers compensation service agent, wrote Marcum's attorney and stated that Consolidated Freightways had not terminated Marcum. In the letter, Balogh writes:

"Mr. Marcum was not terminated from CF Motor Freight. Mr. Marcum sustained a work related injury to his low back 10/7/95. Mr. Marcum was on Temporary Total Disability from the date of his accident to September, 1996. Mr. Marcum participated in CF's Temporary

---

**8.** *See also Nguyen v. IBP, Inc.*, 905 F.Supp. 1471, 1485 (D.Kan.1995) (employers should not be discouraged from assigning injured employees to temporary light-duty in fear that such assignments will show the employer can accommodate the employee with a permanent assignment).

**9.** *See* Defendant's Exhibit A, Letter from Attorney Edward Gilbert to Attorney Whitcomb, dated April 17, 1999.

Modified Work Program from September 1996, to July 27, 1997."

Defendant's Exhibit 11. Describing that Marcum had reached maximum medical improvement, Balogh explains that "Mr. Marcum was removed from the Temporary Modified Work Program and offered assisted job search, which Mr. Marcum refused."

Second, on July 25, 1999, Mr. Tom Kenny, Consolidate Freightways' Personnel Manager, completed an Employee Change Notification form for Marcum. On the form, Mr. Kenny states the reason for changing Plaintiff Marcum's employment status as: "Employee removed from Modified due to permanent restriction. Industrial back injury 10/7/95. Last day worked 7/25/97." Defendant's Exhibit E to Reply Brief.[10] Mr. Kenny left blank the specific sections of the form normally completed when terminating an employee. Instead, Mr. Kenny checked the box "workers' compensation."

Third, by April 28, 1999, Consolidated Freightways had returned Plaintiff Marcum to the modified work program. According to a letter from Marcum's attorney dated April 17, 1999, Marcum's treating doctor released him to begin work April 28, 1999. Release slips accompanying the letter show Marcum is to continue light-duty assignment.

Considering this evidence, the Court finds that Consolidated Freightways did not terminate Plaintiff Marcum. Plaintiff Marcum does not show material issues of fact exist for a trial.

### IV. Conclusion

For the reasons herein, the Court finds that Plaintiff Marcum is not "disabled" nor is he a "qualified individual" under the ADA. The Court also finds that Defendant Consolidated Freightways did not terminate the plaintiff. The Court also finds the defendant is not required to accommo-

date Marcum by permanently assigning him to its modified work program. Accordingly, the Court grants Defendant Consolidated Freightways' motion for summary judgment.

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion and order of decision in the above-captioned case. For the reasons therein, the Court grants Defendant Consolidated Freightways' motion for summary judgment [Doc. 35].

Accordingly, this action is terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.

---

**10.** *See also* Defendant's Exhibit G to Reply Brief. Affidavit of Thomas Kenny, dated May 3, 1999.