# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1606

_____

| | | |
|---|---|---|
| NANCY MELLON, | * | |
| | * | |
| Appellent, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| FEDERAL EXPRESS | * | |
| CORPORATION, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  January 10, 2001

Filed:  February 12, 2001

_____

Before LOKEN and BYE, Circuit Judges and SACHS[1], District Judge.

_____

SACHS, District Judge.

Nancy Mellon, a former employee of Federal Express Corporation (FedEx), appeals a summary judgment ruling against her on her complaints of disability discrimination, retaliation and gender discrimination.  Ms. Mellon, a longtime employee, injured her wrist in January 1996 while working, and then reinjured it while trying to resume her work.  After additional efforts to return to her previous job,

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

followed by an operation on the wrist which required insertion of a metallic plate, and further delays in resumption of her work, her absences resulted in termination on the January 1997 anniversary of her injury. Termination was pursuant to a FedEx policy. The following July she made a formal administrative complaint against FedEx.

Suit was filed in early 1998, and the case was initially scheduled for trial in November, 1999. Defendant's motion for summary judgment, filed in September, 1999, was granted in January, 2000 shortly before a rescheduled trial date.

The ruling by the district judge[2] held that plaintiff's condition could not, on the materials submitted, be classified as a disability under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, even though a distinct physical impairment had been shown. He further ruled there was no adequate showing that FedEx perceived that Ms. Mellon was suffering from a substantially limiting disability, as that term has been construed by the courts. The trial court also held that, absent adequate proof of disability, there could be no federal claim for lack of accommodation, and that the showing of gender discrimination and retaliation was insufficient to survive the motion.

The appeal rests on three contentions. First, Ms. Mellon contends there were no meaningful efforts to accommodate her condition and that the termination should be considered retaliatory. Second, she contends that proof of disability and perception of disability was sufficiently established by the materials presented, particularly an affidavit from a vocational expert, to survive summary judgment. Finally, she asserts the existence of material facts regarding gender discrimination.

_____

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

As the district court ruled, issues of wrongful discharge and failure to accommodate are deficient here as a matter of federal law unless there is a submissible claim of disability, actual or perceived. We cannot evaluate the personnel practices of FedEx (and a jury likewise has no such authority) unless a federal question is adequately presented under the ADA.

Under her initial point on appeal plaintiff also makes reference to "retaliatory practices". As understood by the district court, this suggests a claim of hostility and retaliation for asserting workers compensation rights under Arkansas law. Nothing has been presented here that would allow submission of a claim for retaliation for asserting rights under the ADA.

The core of the case, and the main issue on appeal, is the second point presented, whether there is a submissible issue of disability or perceived disability under the ADA. A review of the facts is thus appropriate, drawing largely on the description of the record by the district court, which we find to be sound and adequately comprehensive.

I.

Plaintiff injured her right wrist on January 18, 1996. After more than two weeks treating the injury as a sprain, defendant sent plaintiff to Dr. Barry Thompson, who recommended she undergo surgery. Plaintiff requested and was referred to a wrist specialist, Dr. Ed Weber, who agreed surgery was required but differed with Dr. Thompson as to the method of repair. Plaintiff was then examined by Dr. Harris Gellman, who proposed a longarm cast to immobilize her wrist, hoping to forego surgery. Dr. Gellman became plaintiff's treating physician.

On June 26, 1996, plaintiff states she was reinjured on the job after being ordered back to work by defendant. On September 19, 1996, Dr. Gellman performed

a right ulnar osteotomy on plaintiff to repair her right wrist. In his follow-up report dated December 12, 1996, Dr. Gellman wrote that there was evidence of the wrist's slow healing, but continued her on total temporary disability for a period of six weeks. During the interim plaintiff was terminated.[3] Another follow-up report issued on February 5, 1997, found more evidence of healing and released plaintiff for light work duty with a no lifting restriction on her right arm. Dr. Gellman's final follow-up report which was submitted by plaintiff, dated March 26, 1997, found that her injury was healing "slowly, but nicely," and that her main problem was situational depression resulting from her inability to work. Dr. Gellman did, however, continue her on total, temporary disability for six weeks. The record also contains a summary of a vocational rehabilitation interview some months later, in July, 1997, stating that, according to plaintiff, she cannot lift more than 15 pounds and should avoid other such stresses with her right arm. This is confirmed in a June, 1997 report by Dr. Gellman to a "rehab specialist" which gives her an "impairment ratio" of 13 percent due to her right arm's condition "which equates to 8 percent of the whole person."

Plaintiff's strongest evidentiary claim that she has a disability within the meaning of the ADA is an affidavit signed by C. Greg Cates, Ed.D. According to his affidavit, he is a Certified Rehabilitation Counselor and licensed Professional Counselor. He states that it is his opinion that plaintiff's wrist impairment represents a permanent disability which substantially impairs her major life activities of working, lifting and caring for herself.

---

[3]Defendant notes that at the time of termination, according to Dr. Gellman, plaintiff would not be eligible as a "qualified individual" for work defendant might have available.

## II.

The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more of the major life activities" of individuals. 42 U.S.C. § 12102(2). Only a permanent or long-term condition will suffice. Working, the activity most clearly impacted here, does not refer to "a particular job of that person's choice". Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995). The Wooten court accepted the principle that "'[a]n impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one'". Id. Consistently with this view, the Supreme Court has stated that the ADA requires that a disabling working impairment must bar access to "more than one type of job . . . If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs." Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999).

One of the restrictions in Wooten was against moderately heavy lifting, "10 lbs. frequently 20 lbs. maximum." 58 F.3d at 384. A similar lifting restriction was not considered sufficiently disabling in Helfter v. United Parcel Service, Inc., 115 F.3d 613, 616-17 (8th Cir. 1997). The rule was broadly stated in Snow v. Ridgeview Medical Center, 128 F.3d 1201, 1207 (8th Cir. 1997) that a "general lifting restriction imposed by a physician, without more, is insufficient to constitute a disability." In Snow, there was a 25 pound lifting restriction that was ruled insufficient to create a triable issue of statutory disability. Id. at 1204.

It would thus appear that under prior rulings by this Court both the district court and this panel must reject, as a matter of law, the disability claim of Ms. Mellon that is based on the premise that "she cannot lift more than 15 pounds and should avoid other such stresses with her right arm".

Plaintiff cites no Eighth Circuit decisions that would support her disability contention, or that hold there was an issue to be tried under analogous circumstances. Her contention that she has a "specific" rather than a "general" lifting restriction, as referred to in Snow, mistakes the meaning of the pertinent phrase.

Plaintiff's principal reliance, as noted by the district court, is on the Cates affidavit. As a vocational counselor, however, his views are necessarily dependent upon what he has been told. He has not been shown to have either personal knowledge or expertise on the medical claims that would justify using his affidavit to fill in the deficiencies in plaintiff's showing of a physical disability of the nature required by case-law. One may infer that Dr. Cates does not comprehend or disagrees with the case-law construing the statutory definition of disability.

The district court summarily rejected plaintiff's contention that her personal activities can be characterized as "substantially limited" by her post-operative physical condition or that there is an adequate showing that FedEx mistakenly perceived her to be disabled beyond her actual condition. The opinion does not expressly discuss the defects in plaintiff's theory that the 365 day termination policy of FedEx is a "per se" violation of the Act which she has standing to challenge. See, however, Robinson v. Neodata Services, Inc., 94 F.3d 499 (8th Cir. 1996) (six months maximum leave policy); Hutchinson v. United Parcel Service, Inc., 883 F.Supp. 379, 398 (N.D. Iowa 1995) (standing) . We affirm adverse rulings on those issues without elaboration.[4]

---

[4]It may be noted, however, that the very general statements in plaintiff's deposition about her personal activities are not supplemented elsewhere or detailed enough to allow a fact finder to conclude the alleged restrictions are so serious in nature as to constitute "substantial" limitations.

III.

Ms. Mellon's final contention is that there was gender discrimination in favor of a male employee and that she has been deprived of necessary discovery to establish that point.

The record reflects controversies about discovery, continuing after the close of scheduled discovery and while the summary judgment motion was under advisement. Plaintiff fails to identify particular unresolved discovery issues relating to gender discrimination, as she failed to identify such issues for the district court. The record unfortunately suggests a wide-ranging disagreement between the parties, apparently relating to miscellaneous materials that plaintiff would like to examine or have examined prior to the scheduled trial.

In the FedEx brief the gender discrimination claim is identified from the record as the placing of a male employee in a light duty position while plaintiff was assigned a handler position scanning packages. This does seem to be what plaintiff vaguely refers to in her deposition. The contention must relate, FedEx states, to the period on or before June, 1996. FedEx notes that the initial charge was filed more than a year after this alleged gender discrimination occurred, and long after the 180 days allowed for filing such a charge. 42 U.S.C. § 2000e-5(e). Plaintiff does not reply to this contention, which supports an alternate ground for affirming the grant of summary judgment on the gender discrimination claim.

We conclude that the opinion of the district court granting the FedEx motion and denying plaintiff's counter– motion for summary judgment is well reasoned and fully supported by established law in this Circuit.

The judgment below is therefore affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.