# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4046

_____

Albert James Conant,                            *
                                                *
        Appellant,                 *
                                                *      Appeal from the United States
    v.                                      *      District Court for the
                                                *      District of Minnesota.
City of Hibbing,                                *
                                                *           [PUBLISHED]
        Appellee.                  *


_____

Submitted:  October 15, 2001
    Filed:  November 26, 2001

_____

Before BOWMAN, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Albert Conant filed an action against the City of Hibbing (hereinafter "City"), alleging that the City violated the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101-12213 (1994 & Supp. IV (1998)), when it did not hire him for a position with the City. The district court[1] granted summary judgment in favor of the City, concluding that Conant failed to adduce sufficient

_____

[1] The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota, sitting by consent of the parties. See 28 U.S.C. § 636(c) (1994); Fed. R. Civ. P. 73(a).

evidence to generate an issue of material fact regarding whether the City perceived him as "disabled" within the meaning of the ADA. Conant appeals, and after conducting a de novo review, Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1205 (8th Cir. 1997) ("We review a district court's grant of summary judgment do novo, applying the same standard as the district court and examining the record in the light most favorable to the nonmovant."), we affirm the judgment of the district court.

Conant applied for a General Laborer position with the City. The City offered Conant a position subject to Conant passing a preemployment physical examination. Conant was examined by Dr. Charles Decker, who had previously treated Conant for a back condition. After examining Conant, Dr. Decker issued a report to the City stating that Conant should not lift more than thirty pounds and should not repeatedly squat or bend. Based upon Dr. Decker's report, the City sent Conant a letter stating that Conant was not qualified for the position of General Laborer and that the City would be unable to proceed with the offer of employment. Conant objected to Dr. Decker's conclusion, and he contacted the City to explain that he had rehabilitated his back and that he was fully capable of performing the duties of the job without accommodation. Conant then asked Dr. Decker if he would reconsider his prior opinion and rescind the work restrictions. Dr. Decker stated that he would not, but he advised Conant to contact a physical therapist and undergo a Function Capacities Examination ("FCE") to test his physical capabilities. Conant did so, and the FCE revealed that Conant was fully capable of performing all of the essential job functions for the job of General Laborer. Conant brought the results of the FCE to the City's attention, but the City still declined to hire him. Conant then initiated this litigation.

The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities. To establish a prima facie case of employment discrimination under the ADA, Conant must show (1) that he has a disability within the meaning of the ADA, (2) that he is qualified to perform the essential functions of the job, with or without reasonable accommodation, and (3) that he suffered an

adverse employment action because of his disability. Cooper v. Olin Corp., Winchester Div., 246 F.3d 1083, 1087 (8th Cir. 2001). Within the meaning of the ADA, the term "disability" includes, among other things, "being regarded as having," 42 U.S.C. § 12102(2)(C) (1994), "a physical or mental impairment that substantially limits one or more of the major life activities" of the individual, 42 U.S.C. § 12102(2)(A). Thus, individuals who are "regarded as" having a disability, but who are not actually disabled, can still fall within the protection of the ADA. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999). "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). An individual is substantially limited in performing a major life activity where that individual is "[u]nable to perform" or is "[s]ignificantly restricted as to the condition, manner or duration under which" he can perform a particular major life activity. Id. § 1630.2(j)(1)(i), (ii). A substantial limitation on the major life activity of working means that an individual must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." Id. § 1630.2(j)(3)(i).

Conant argues that the district court erred in concluding that Conant failed to present evidence sufficient to allow a reasonable fact finder to conclude that the City regarded him as "disabled". In "regarded as" actions, the plaintiff must show that the employer or potential employer "entertain[ed] misperceptions about the individual–it must [have] believe[d] either that one ha[d] a substantially limiting impairment that one [did] not have or that one ha[d] a substantially limiting impairment when, in fact, the impairment [was] not so limiting." Sutton, 527 U.S. at 489. This court has repeatedly held that the type of work restriction at issue in this case does not amount to a "disability" within the meaning of the ADA. See Brunko v. Mercy Hosp., 260 F.3d 939, 941-42 (8th Cir. 2001) (concluding that 40-pound lifting restriction does not constitute a disability); Mellon v. Fed. Express Corp., 239 F.3d 954, 957 (8th Cir. 2001) (concluding that 15-pound lifting restriction does not constitute a disability); Gutridge v. Clure, 153 F.3d 898, 901 (8th Cir. 1998) (concluding that 45-pound

3

lifting restriction does not substantially limit the major life activity of lifting), cert. denied, 526 U.S. 1113 (1999); Snow, 128 F.3d at 1207 (concluding that general lifting restriction without more does not constitute a disability); Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996) (stating that general lifting restriction does not constitute a disability). It logically follows then that being regarded as having a limiting but not disabling restriction also cannot be a disability within the meaning of the ADA.

Conant's claim ultimately fails, however, because he has adduced no evidence indicating that the City perceived him as having an impairment that significantly restricted his ability to perform the major life activity of working. See Murphy v. United Parcel Serv. Inc., 527 U.S. 516, 524 (1999) (concluding that summary judgment is proper where ADA plaintiff fails to show that he is "regarded as unable to perform a class of jobs"); Weber v. Strippit, Inc., 186 F.3d 907, 915 (8th Cir. 1999) (stating that the test is not whether "defendant treated plaintiff adversely because of his or her feelings about the plaintiff's physical or mental impairment," but rather "whether defendant treated plaintiff adversely because it regarded him as having an impairment that substantially limits one or more major life activities"), cert. denied, 528 U.S. 1078 (2000). There is a distinction between being regarded as an individual unqualified for a particular job because of a limiting physical impairment and being regarded as "disabled" within the meaning of the ADA. "Accordingly, an employer is free to decide that . . . some limiting, but not substantially limiting, impairments make individuals less than ideally suited for a job." Sutton, 527 U.S. at 490-91.

In this case, the record is bereft of any evidence indicating that the City perceived Conant as anything more than unable to perform this particular job. The City's letter to Conant rescinding its employment offer merely states that the City concluded that Conant could not meet the requirements of the position of General Laborer, and not that the City regarded Conant as "disabled" within the meaning of the ADA. While the letter does indicate that the City had considered restructuring

4

this specific job but concluded that to do so would negate the job's essential purpose, no reasonable jury could infer from this letter that the City regarded Conant as "disabled" within the meaning of the ADA; that is, no reasonable jury could find that the City regarded Conant as precluded from working a whole range or class of jobs. Cf. Taylor v. Nimock's Oil Co., 214 F.3d 957, 961 (8th Cir. 2000) (concluding that letter written by employer to enable employee to receive unemployment benefits which stated that it was in employee's best interest not to return to work under her current physical restrictions did not demonstrate that employer considered employee to be disabled). In addition, the mere fact that the City was aware of Conant's past medical condition and might have perceived Conant as still having a medical condition or likely to develop a medical condition in the future is insufficient to establish that the City regarded Conant as disabled. Kellogg v. Union Pac. R.R. Co., 233 F.3d 1083, 1089 (8th Cir. 2000) (stating that employer's knowledge of impairment without more does not amount to a disability); Aucutt, 85 F.3d at 1320 (stating that "fact that [employer] was aware of his medical problems is insufficient to establish that [employer] 'regarded' him as disabled").

We conclude that Conant failed to establish that he "was a qualified individual with a disability" and that summary judgment was proper. See Krauel v. Iowa Methodist Med. Ctr., 95 F.3d 674, 677 (8th Cir. 1996) (stating that threshhold requirement of ADA claim is establishing "disability"); see also Kellogg, 233 F.3d at 1086 (stating that summary judgment is proper in ADA claim where plaintiff fails to establish any element of his prima facie case). The remainder of Conant's arguments are without merit. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.