# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3380

_____

Rocky Rubink,     *
    *
       Appellant,     *    Appeal from the United States
    *    District Court for the District
     v.     *    of Nebraska.
    *
Roadway Express, Inc., a Delaware     *     [PUBLISHED]
Corporation,     *
    *
       Appellee.     *

_____

Submitted: May 13, 2002

Filed: May 20, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

As the result of a hunting accident, Rocky Rubink, a dockworker and truck driver, became blind in one eye and no longer met the Department of Transportation's vision standards for commercial truck driving. After losing his job as a truck driver with another company, Rubink applied for a job at Roadway Express, Inc. as a dockworker. Roadway employs full-time dockworkers, who must also drive commercial trucks, and casual workers, who need not drive, but work part-time only as needed. Because Rubink lacked DOT certification, Roadway employed him as-needed. When the part-time work dwindled, Rubink brought this action against

Roadway under the Americans with Disabilities Act (ADA) asserting he is disabled and was denied full-time employment because of his disability. The district court[*] granted summary judgment to Roadway, concluding Rubink's inability to meet the DOT's driving standards because of his monocular vision did not render him disabled or regarded as disabled, but merely unqualified for a particular job.

To prevail on his ADA claim, Rubink must show, among other things, disability within the meaning of the ADA. Gutridge v. Clure, 153 F.3d 898, 900 (8th Cir. 1998). The ADA defines disability as a physical or mental impairment that substantially limits one or more of the individual's major life activities. 42 U.S.C. § 12102(2)(A). Rubink argues there are genuine issues of material fact about whether he is substantially limited in the major life activities of seeing and working. We disagree. Major life activities include seeing, but monocular individuals like Rubink must "prove a disability by offering evidence that the extent of the limitation in terms of their own experience, as in the loss of depth perception and visual field, is substantial." Albertson's Inc. v. Kirkingburg, 527 U.S. 555, 567 (1999). Here, Rubink has admitted his monocular vision does not limit him at all. Indeed, Rubink has adjusted to his condition and can perform all tasks he could before his accident, including driving commercial trucks, which he now does for a public employer who is not subject to the DOT's standards. Further, a person is substantially limited in the major life activity of working only if the person's impairment substantially limits employment generally rather than merely limits employment in a narrow range of jobs. See Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995). When a person is only prohibited from positions requiring DOT certification, but is able to engage in other employment, the person is not disabled under the ADA. Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523-24 (1999). Here, Rubink's monocular vision does not substantially limit him in the major life activity of working because

---

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

he can drive commercial vehicles for public employers, do dock work, and is trained to, and has actually performed, other jobs including tax preparation and automobile service. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 493 (1999). Rubink was not regarded as disabled by Roadway, but merely regarded as not being able to meet DOT regulations. See Murphy, 527 U.S. at 524.

Rubink also argues the district court committed error in granting summary judgment to Roadway on his claim that Roadway retaliated against him because he filed a grievance. To prevail on his retaliation claim, Rubink was required to show he engaged in statutorily protected activity, Roadway took an adverse action against him, and a causal connection between the adverse action and the protected activity. See Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999). Rubink cannot show a causal connection between the filing of his grievance and his later lack of work as a casual worker for Roadway. The Roadway manager in charge of calling in casual workers testified he did not know Rubink had filed a grievance, and the evidence showed the need for casual workers decreased because of business restructuring and a new union contract requiring full-time employees to work more hours.

We thus affirm the district court's grant of summary judgment to Roadway.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-