# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3585

———————

| | | |
|---|---|---|
| Eileen M. Simonson, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Trinity Regional Health System; | * | |
| Trinity Regional Hospital, of Fort | * | |
| Dodge, Iowa, | * | |
| | * | |
| Defendants - Appellees. | * | |

———————

Submitted: May 12, 2003
Filed: July 16, 2003

———————

Before LOKEN, Chief Judge, BRIGHT, and MURPHY, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Eileen M. Simonson appeals the district court's[1] grant of summary judgment dismissing her claims against her employer, Trinity Regional Health System ("Trinity"), under the Americans With Disability Act ("ADA"), 42 U.S.C. §§ 12101-12213, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*,

———————————

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

and the corresponding Iowa Civil Rights Act ("ICRA"), Iowa Code § 216.1-216.20. We affirm.

## I. BACKGROUND

Trinity first employed Simonson in January 1972, as a registered nurse. Simonson continued to work in various departments at Trinity through September 29, 1999. Beginning in 1994, Simonson suffered a number of work-related injuries requiring accommodations by Trinity. In January 1999, Trinity closed the hospital section called Two West, where Simonson had worked. After the closure, Trinity transferred Simonson to a temporary position working on a hospital computer system. On September 29, 1999, Trinity notified Simonson that the temporary position had ended. At the time, Simonson carried no work restrictions.

Simonson sued Trinity on a variety of grounds including failing to transfer or hire her into an available position in the hospital either because she had a record of physical impairment or Trinity regarded her as having an impairment. Further, Simonson asserts that after Two West closed, Trinity reassigned all employees in that wing except for Simonson and another employee. Simonson contends that Trinity has a history of reassigning people within the hospital and chose not to reassign her because of her age, even though Trinity had twelve openings for registered nurses at the time of her termination.

Trinity moved for summary judgment on Simonson's claims. The district court granted Trinity's motion, finding that Simonson failed to establish *prima facie* cases of disability and age discrimination.[2] Simonson timely appeals.

_____

[2]Simonson also brought a claim alleging that Trinity fired her for bringing workers' compensation claims. The district court granted summary judgment to Trinity on this claim. Simonson has not appealed this issue.

II.   DISCUSSION

We review the grant of summary judgment *de novo*, giving the nonmoving party the benefit of all reasonable inferences supported by the record. Eddings v. City of Hot Springs, 323 F.3d 596, 600 (8th Cir. 2003).

A.  Disability Discrimination--ADA

Simonson bears the burden of proving a *prima facie* case of disability discrimination under the ADA.  To meet her *prima facie* case, Simonson must show (1) that she has a condition that qualifies as a disability; (2) that she is qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) that she suffered an adverse employment action because of her disability. Spangler v. Federal Home Loan Bank of Des Moines, 278 F.3d 847, 850 (8th Cir. 2002).  Disability claims under the ICRA are analyzed in accordance with federal standards.  Brunko v. Mercy Hosp., 260 F.3d 939, 941 (8th Cir. 2001).

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).  On appeal, Simonson argues the district court erred in determining she failed to meet her *prima facie* case that Trinity regarded her as disabled.[3]

---

[3]Before the district court, Simonson alleged that Trinity discriminated against her based on her record of impairment.  The district court determined that Simonson failed to prove her *prima facie* case for a record of impairment claim.  The district court recognized Simonson's history of impairment, but concluded that the impairment did not establish a history of a disability.  Simonson has not questioned this determination on appeal.

In "regarded as" actions, the plaintiff must show that the employer or potential employer "entertain[ed] misperceptions about the individual–it must [have] believe[d] either that one ha[d] a substantially limiting impairment that one d[id] not have or that one ha[d] a substantially limiting impairment when, in fact, the impairment [was] not so limiting." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999). Simonson has failed to direct us to any case law suggesting that temporary work restrictions constitute a recognizable impairment or evidence indicating that Trinity perceived her as having an impairment that significantly restricted her ability to perform the major life activity of working. We have previously stated that "being regarded as having a limiting but not disabling restriction [] cannot be a disability within the meaning of the ADA." Conant v. City of Hibbing, 271 F.3d 782, 785 (8th Cir. 2001).

Simonson primarily relies on a statement made by, Peg Stoolman, a nurse manager. Simonson asked Stoolman whether she would be considered for one of the available jobs within Trinity. Simonson asserts that Stoolman responded, "I'm not sure if that's physically a good choice for you." Stoolman's comment was not based on any myths or archaic attitudes about the disabled. See Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995) (noting the perceived disabilities provision "is intended to combat the effects of 'archaic attitudes,' erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities."); see also Sutton, 527 U.S. at 490-91 ("[A]n employer is free to decide that . . . some limiting, but not *substantially* limiting, impairments make individuals less than ideally suited for a job.") (emphasis in original). Trinity's awareness of Simonson's past medical problems does not establish that it regarded her as disabled. See Conant, 271 F.3d at 786.

B.     Age Discrimination--ADEA

Simonson, next asserts that the district court erred in determining she failed to meet a *prima facie* showing of age discrimination under the ADEA and ICRA. The

district court construed Simonson's claims as a failure to rehire or transfer her.[4]  The court applied the familiar burden-shifting analysis established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  In order to meet her *prima facie* burden, Simonson needs to demonstrate that (1) she is a member of a protected class; (2) her job performance met legitimate expectations of the employer or she was qualified for the positions for which she applied; (3) she suffered an adverse employment action either because she was discharged or not hired for the positions she applied for despite being sufficiently qualified; and (4) she was replaced by, or the job for which she applied, was filled by a person "sufficiently younger to permit an inference of age discrimination."  Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1412 (8th Cir. 1997).

The district court determined that Simonson failed to show that Trinity replaced her or an available job was filled by a younger person.  Since, Trinity does not contest Simonson's ability to meet the first three requirements, we limit our review to the fourth element.  Simonson offered no evidence to the district court that Trinity commented on Simonson's age.  Simonson also failed to provide the district court with specific ages and persons hired into available positions.  Schiltz, 115 F.3d at 1413 (holding district court must determine whether employer hired someone "sufficiently younger" to make out employee's fourth element of the *prima facie* prong).

III.    CONCLUSION

Accordingly, we affirm.

---

[4]Simonson concedes that Trinity did not act with discriminatory intent when it closed Two West, when it eliminated her job on Two West, or when her temporary employment position was eliminated because of restructuring in the business office.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.