# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1072

———————

Bradley Schulz,

        Plaintiff - Appellant,

v.

Rental Services Corporation,

        Defendant - Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
•
\*

Appeal from the United States
District Court for the Southern
District of Iowa.

[UNPUBLISHED]

———————

Submitted: September 29, 2006
Filed: October 13, 2006

———————

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Bradley Schulz appeals the district court's[1] grant of summary judgment dismissing his claims of employment discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Iowa Civil Rights Act (ICRA), Iowa Code §§ 216.1-216.20.[2] We affirm.

---

[1]The Honorable Ronald E. Longstaff, Chief United States District Court Judge for the Southern District of Iowa.

[2] Disability claims arising under the ICRA are analyzed the same as ADA claims. Simpson v. Des Moines Water Works, 425 F.3d 538, 542 n.3 (8th Cir. 2005).

Schulz worked for Rental Services Corporation (RSC) as an Inside Sales Coordinator. On November 19, 2003, he fell and fractured his left wrist. Schulz was granted a leave of absence and on February 10, 2004, his physician advised RSC he could return to sedentary work with no use of the left upper extremity. RSC told Schulz not to return until fully recovered and then terminated him. Schulz argues he was terminated because RSC mistakenly believed his broken wrist posed a safety hazard and prevented him from performing any of the essential functions of his position. Schulz contends he was capable of performing all the essential functions.

Schulz brought this action alleging RSC's actions violated the ADA and ICRA. He conceded his broken wrist was not a qualifying disability but argued RSC regarded him as disabled. The district court granted summary judgment, concluding RSC knew Schulz had a broken wrist, which is not a qualifying disability. On appeal, Schulz argues RSC believed he was unable to perform any of the essential functions of his position and the district court erred in concluding it did not, therefore, regard him as disabled.

We review the district court's grant of summary judgment de novo. Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

The ADA affords protection from discrimination to any "qualified individual with a disability." 42 U.S.C. § 12112(a). To establish a prima facie case, Schulz must show 1) he has a disability within the meaning of the ADA, 2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation, and 3) he suffered an adverse employment action because of his disability. Conant v. City of Hibbing, 271 F.3d 782, 784 (8th Cir. 2001). Disability is defined as 1) a physical or mental impairment that substantially limits one or more

major life activity, 2) a record of such impairment, or 3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). An impairment is "substantially limiting" if it renders an individual unable to perform a major life activity that the average person in the general population can perform, or if it significantly restricts the condition, manner, or duration under which an individual can perform such an activity compared to the general population. 29 C.F.R. § 1630.2(j)(1). When determining if a person is substantially limited in a major life activity, we consider 1) the nature and severity of the impairment, 2) its duration or anticipated duration, and 3) its long-term impact. 29 C.F.R. § 1630.2(j)(2)(i)-(iii). "Only a permanent or long-term condition will suffice." Mellon v. Fed. Express Corp., 239 F.3d 954, 957 (8th Cir. 2001).

Persons "regarded as" having a disability must show the employer "entertain[ed] misperceptions about the individual – it must [have] believe[d] either that one ha[d] a substantially limiting impairment that one [did] not have or that one ha[d] a substantially limiting impairment when, in fact, the impairment [was] not so limiting." Conant, 271 F.3d at 785 (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999)).

Viewed in the light most favorable to Schulz, Dush v. Appleton Elec. Co., 124 F.3d 957, 962-63 (8th Cir. 1997), the evidence establishes RSC knew Schulz's injury was a simple wrist fracture. It considered the injury more limiting than Schulz, but RSC never regarded it as more than a temporary condition. Accordingly, RSC did not believe Schulz had a substantially limiting impairment. See Anderson v. ND State Hosp., 232 F.3d 634, 636 (8th Cir. 2000) ("Statutory disability requires permanent or long-term limitations.") (quoting Heintzelman v. Runyon, 120 F.3d 143, 145 (8th Cir. 1997) (per curiam)).

The judgment of the district court is affirmed.

_____