**Pablo FLORES, an individual Plaintiff,**

v.

**AMERICAN AIRLINES, INC., a Texas corporation, Defendant.**

**No. 99–609–CIV–MOORE.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 29, 2002.

Devand Anthony Sukhdeo, Morgan Lewis & Bockius, Miami, FL, Thomas Harold Buscaglia, T.H. Buscaglia & Assoc., Miami, FL, for plaintiff.

Terence G. Connor, Marcia L. Narine, Miami, FL, for defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (DE # 28). Response and Reply have been filed.

UPON CONSIDERATION of the Motion, the Responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Plaintiff Pablo Flores ("Plaintiff" or "Flores") has brought suit against American Airlines, Inc. ("Defendant" or "American") alleging disability discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes § 760 *et seq.* American has moved for summary judgment on both claims.

Plaintiff is legally blind in his left eye due to an injury he sustained at the age of five. As a result of his monocular vision, Plaintiff lacks depth perception. Although Plaintiff has to be "extra careful," Plaintiff is able to engage in a variety of activities. For example, Plaintiff played sports in high school. During college, Plaintiff took a wood carving class using chisels, hammers, and saws as well as a cooking class using knives, ovens, and stoves. Plaintiff can drive and use a computer.

Plaintiff obtained an A.A. degree from Miami Dade Community College. Plaintiff also obtained additional degrees from Florida International University. He obtained a B.A. in criminal justice and then a legal assistant degree.

Plaintiff has held many different jobs since high school. For example, Plaintiff worked as a housekeeper for a golf course during college. He drove a golf cart and picked up laundry from different buildings. Plaintiff also worked as an airport agent for Metro Dade Aviation Department, substitute teacher for Dade County Public Schools, social worker for The Alternative Program, field representative for HHL Financial Services, assistant sales manager for Best Lumber Company, and social worker for HRS. Moreover, Plaintiff worked as an assembly worker for Gillette, a salesperson for the Spanish Yellow Pages, and as a salesperson for Home Depot.

On June 17, 1997, Plaintiff applied for employment with American as a cabin cleaner. During the application process, Plaintiff received and signed the "American Airlines Job Description and Essential Job Functions" forms for the cabin cleaner and junior fleet service clerk positions. Among other things, cabin cleaners clean and service the aircraft interiors; check, handle, assemble, remove and install passenger service cabin furnishings and supplies; and transport furnishings and supplies to and from aircraft interiors. According to the written job description, an essential function of the cabin cleaner position includes "[d]riving vehicles with gross weights up to 80,000 lbs. in areas congested with aircraft, moving and stationary vehicles and equipment as well as position vehicle up to aircraft requiring depth perception and the ability to distinguish colors, red, green and yellow."

On June 19, 1997, American gave Plaintiff a conditional offer of employment which was contingent on Plaintiff's successful completion of a routine background check, drug and alcohol tests, and a medical examination. Plaintiff thereafter completed a medical questionnaire and wrote that he is "legally blind" in his left eye. Plaintiff also underwent a medical examination with one of American's nurses.

By letter dated June 19, 1997, American requested that Plaintiff provide additional medical information from an ophthalmologist within fourteen days. Plaintiff sent a copy of his surgical records from the Bascom Palmer Eye Institute but did not send the information requested in the June 19, 1997 letter. By letter dated July 10, 1997,

American advised Plaintiff that he needed to submit the medical information requested in the June 19, 1997 letter if he still wanted to be considered for employment. American requested that he provide the information within fourteen days. Plaintiff did not provide the information requested in the July 10, 1997 letter and did not respond to the letter in any manner. By letter dated November 13, 1997, American rescinded its conditional offer of employment.

## DISCUSSION

### I. *Summary Judgment Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment may be entered only where there is *no* genuine issue of material fact. *See Twiss v. Kury*, 25 F.3d 1551 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* at 157, 90 S.Ct. 1598.

> However, the non-moving party [m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In fact,

> the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure to present proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

### II. *Plaintiff's Claims under the ADA and FCRA*

■ Plaintiff brings his disability claims under the ADA and FCRA. Florida courts apply the ADA framework for FCRA claims, and the Court will address Plaintiff's disability claims using an ADA analysis. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir.2000); *Fromm–Vane v. Lawnwood Medical Center, Inc.*, 995 F.Supp. 1471 (S.D.Fla.1997).

The ADA prohibits employers from discriminating against a "qualified individual with a disability because of the disability of such individual in regard to job application procedures [and] the hiring ... of employees ..." 42 U.S.C. § 12112(a). Plaintiff

bears the burden of establishing a *prima facie* case of discrimination either by presenting direct evidence of discriminatory intent or by creating an inference of discrimination through circumstantial evidence. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990). Because Plaintiff has no direct evidence of discriminatory intent in this case, Plaintiff must establish his *prima facie* case of discrimination through the use of circumstantial evidence.

To state a *prima facie* case under the ADA, Plaintiff must establish that: (1) he has a disability; (2) he is a qualified individual; and (3) he was discriminated against because of his disability. *Pritchard v. Southern Co. Svcs.,* 92 F.3d 1130 (11th Cir.1996), *amended in part on reh'g by,* 102 F.3d 1118 (11th Cir.1996), *cert. denied,* 520 U.S. 1274, 117 S.Ct. 2453, 138 L.Ed.2d 211 (1997). Plaintiff must satisfy all three requirements of his *prima facie* case. Because the Court finds that Plaintiff cannot meet any of the three requirements of his *prima facie* case, summary judgment in American's favor is warranted.[1]

### A. *Whether Plaintiff Has A Disability*

The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Plaintiff argues that he has a physical impairment that substantially limits one or more of his major life activities, or, alternatively, American regarded him as having such an impairment. The Court disagrees with Plaintiff with respect to both definitions.

### 1. *Whether Plaintiff Has A Physical Impairment That Substantially Limits One or More of His Major Life Activities*

■ Both parties agree that Plaintiff's monocular vision is a physical impairment. However, an impairment in and of itself is not a disability under the ADA. *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 690, 151 L.Ed.2d 615 (2002); *Pritchard,* 92 F.3d at 1132. In order to qualify as a disability under the ADA, the impairment must be substantially limiting with respect to one or more of Plaintiff's major life activities. *Toyota Motor Manufacturing,* 122 S.Ct. at 690; *Hilburn v. Murata Electronics North America, Inc.,* 181 F.3d 1220, 1227 (11th Cir.1999). The term "substantially limiting" comprises either: (1) the inability to perform a major life activity that the average person in the general population can perform, or (2) a significant restriction as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to that of the average person in the general population. 29 C.F.R. § 1630.2(j)(1)(i)-(ii). Factors to consider when determining whether an impairment is substantially limiting include: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; (3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2). American contends that Plaintiff is not substantially limited in any major life activity, particularly working. Plaintiff counters that he is substantially limited in the major life activity of seeing. The Court finds that Plaintiff has not pre-

---

**1.** Although Plaintiff's claim fails because he cannot satisfy the first requirement of his *prima facie* case, the Court will address each element of his *prima facie* case herein.

**1292**

sented sufficient evidence with respect to either major life activity.

■ Plaintiff argues that he is limited in the major life activity of seeing. Monocular vision is not a *per se* disability. *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). A plaintiff with monocular vision must offer "evidence that the extent of the limitation in terms of [his] own experience, as in loss of depth perception and visual field, is substantial." *Id.; see also Toyota Motor Manufacturing*, 122 S.Ct. at 692 ("[a]n individualized assessment of the effect of an impairment is particularly necessary when the impairment is one whose symptoms vary widely from person to person"). Moreover, mitigating measures must be taken into account when determining whether a plaintiff with monocular vision possesses a disability. *Albertson's*, 527 U.S. at 565, 119 S.Ct. 2162. The Court is mindful that Plaintiff's vision loss is permanent and that he lacks depth perception. Plaintiff clearly has some limitations and is inconvenienced as a result of his monocular vision. However, Plaintiff has not presented any probative evidence that he is prevented from performing any daily activities. Plaintiff can drive, cook, use a computer, and work. He has taken woodworking and cooking classes. While Plaintiff has to be careful when engaging in certain activities, he employs measures to compensate for his monocular vision. Based on the totality of these facts, the Court finds that no reasonable juror could conclude that Plaintiff is substantially limited in the major life activity of seeing.

American argues that Plaintiff is not limited in the major life activity of working. This major life activity only comes into play only if the individual is not limited in any other major life activity. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (citing 29 C.F.R. Pt. 1630, App.

§ 1630.2(j)). In order to be substantially limited in the major life activity of working, an individual must be unable to work in a broad class of jobs. *Id.* at 491, 119 S.Ct. 2139. Plaintiff's work history demonstrates that he is not limited with respect to a broad range of jobs. Indeed, Plaintiff's jobs have included airport agent, substitute teacher, social worker, assembly person, field representative, and salesperson. Plaintiff is merely precluded from a narrow class of jobs and is not substantially limited in the major life activity of working.

### 2. Whether Plaintiff Was "Regarded As" Having A Disability

As stated above, Plaintiff also argues that he was "regarded as" having a disability. The Supreme Court has explained that there are two ways in which an individual may be "regarded as" having a disability: (1) an employer mistakenly believes that an individual has an impairment that substantially limits one or more major life activities; or (2) an employer mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. *Sutton*, 527 U.S. at 480, 119 S.Ct. 2139; *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 912–13 (11th Cir.1996), *cert. denied*, 522 U.S. 1030, 118 S.Ct. 630, 139 L.Ed.2d 610 (1997). "As with real impairments, courts have held that a perceived impairment must be substantially limiting and significant." *Gordon*, 100 F.3d at 913 (citing *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 192 (5th Cir.1996); *Wooten v. Farmland Foods*, 58 F.3d 382, 385 (8th Cir.1995); *Byrne v. Board of Education*, 979 F.2d 560, 564 (7th Cir.1992)). The fact that American has a vision requirement by expecting cabin cleaners to have depth perception in order to drive and position vehicles up to the aircrafts, standing alone, does not support Plaintiff's contention that

he was "regarded as" having a disability. *See Sutton,* 527 U.S. at 490, 119 S.Ct. 2139. The Court finds that Plaintiff has not adduced any evidence that American regarded him as having a disability.

### B. *Whether Plaintiff Is A Qualified Individual*

In order to satisfy the second requirement of his *prima facie* case, Plaintiff must demonstrate that he is a "qualified individual." The ADA defines "a qualified individual with a disability" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Holbrook v. City of Alpharetta, Georgia,* 112 F.3d 1522, 1526 (11th Cir. 1997). The ADA provides that "consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written job description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8); *Lucas v. W.W. Grainger, Inc.,* 257 F.3d 1249 1258 (11th Cir.2001); *Holbrook,* 112 F.3d at 1526. The regulations further provide that evidence of whether a particular function is essential includes, without limitation, the following: (1) the employer's judgment as to whether a function is essential; (2) written job descriptions prepared; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of past incumbents on the job; and (7) the current work experience of incumbents in similar jobs. 29 C.F.R. § 1630.2(n)(3).

■ Plaintiff admits that he lacks depth perception. He also admits that he is unable to drive and align trucks to the aircraft door, or to direct the alignment of the trucks to the aircraft door. However, Plaintiff asserts that this function is not an essential function of the cabin cleaner position because it is performed infrequently. The percentage of time spent on this function is not dispositive of whether the function is an essential function. *See Holbrook,* 112 F.3d at 1527 (court rejected the plaintiff's argument that certain functions of police detective are non-essential because they are infrequently performed). In American's judgment, this function is an essential function of the cabin cleaner position. Moreover, the job description for the cabin cleaner position identifies this function as an essential function. Indeed, the supplies needed for the aircraft are located in a separate building and the cabin cleaners report to work in this building. Once the crew reports to work, the crew must drive a truck loaded with supplies to each aircraft and position the truck to the aircraft door. Based on these facts, the Court finds that the essential functions of the cabin cleaner position include depth perception in order to drive and position vehicles up to aircrafts.

■ Plaintiff also argues that, even assuming this function is an essential function, he can perform this function with reasonable accommodation. Plaintiff contends that another cabin cleaner can perform this function because each crew includes eight cabin cleaners. An accommodation may be reasonable if it allows an individual to perform essential functions. *Lucas,* 257 F.3d at 1255 (citing *LaChance v. Duffy's Draft House, Inc.,* 146 F.3d 832, 835 (11th Cir.1998)). Reallocation or redistribution of an essential job function, however, amounts to an elimination of an essential job function. Elimination of an essential job function is not a reasonable accommodation under the

ADA. *Holbrook*, 112 F.3d at 1527–28. As such, the Court finds that Plaintiff has not presented evidence that he can perform this function with reasonable accommodation.

### C. Whether American Discriminated Against Plaintiff Because of His Disability

In order to meet the third requirement, Plaintiff must present evidence that he was discriminated against because of his disability. Plaintiff glosses over this element of his *prima facie* case. Plaintiff appears to argue that American failed to provide a reasonable accommodation and that American's employment process violated the ADA. The Court finds that Plaintiff has not presented any probative evidence that American discriminated against him because of his disability.

The ADA requires an employer to provide a reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability unless the accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir.1996). The individual bears the burden of identifying an accommodation and demonstrating that the accommodation is reasonable. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997). Reallocating an essential job function is the only accommodation that Plaintiff has identified. As explained above, such an accommodation is not reasonable under the ADA. *Holbrook*, 112 F.3d at 1527–28. Moreover, it is undisputed that American requested that Plaintiff provide additional medical information and Plaintiff either provided incomplete or no information. In other words, American began an interactive process with Plaintiff and the breakdown in this process is attributable to Plaintiff. As the Eleventh Circuit has stated, "[l]iability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's actions cause a breakdown in the interactive process." *Stewart*, 117 F.3d at 1287 (citing *Beck v. Univ. Wis. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir.1996); *Willis v. Conopco*, 108 F.3d 282, 283 (11th Cir.1997)).

■ Plaintiff also challenges American's pre-employment process. The ADA permits an employer to ask disability-related questions and to conduct a medical examination after the employer has tendered a conditional offer of employment to an individual, so long as the employer does so for all individuals in that job category. 42 U.S.C. § 12112(d)(3). Plaintiff does not dispute that American properly sought disability-related information and conducted a medical examination after it gave Plaintiff a conditional offer of employment. Plaintiff also does not dispute that other cabin cleaners who are given conditional job offers go through the same process. Rather, Plaintiff objects to American's conduct after it obtained the basic medical information from Plaintiff. Nothing in the ADA prohibits an employer from seeking additional medical information. Indeed, it is the EEOC's position that an employer may ask individuals for additional medical information if the additional information is medically related to the previously obtained medical information. *See* ADA Enforcement Guidance on Preemployment Disability–Related Inquiries and Medical Examinations (October 10, 1995). American's request was medically related to the previously obtained medical information. Therefore, the Court finds that American's actions following the medical examination did not violate the ADA.

III. *Conclusion*

Because the Court finds that Plaintiff has failed to establish his *prima facie* case, his ADA and FCRA claims fail. The Court will not address any other issues raised in this case.

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE # 28) be, and the same is hereby, GRANTED.

It is FURTHER ORDERED AND ADJUDGED that all other pending motions be, and the same are hereby, DENIED AS MOOT.