# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2989

_____

Kimberly Brunko,      *
                           *
        Appellant,     *
                           *      Appeal from the United States
    v.                       *      District Court for the
                           *      Northern District of Iowa.
Mercy Hospital, doing business as     *
Mercy Medical Center, Inc.,     *      [PUBLISHED]
                           *
        Appellee.     *


_____

Submitted: April 11, 2001
Filed: August 15, 2001

_____

Before MCMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Kimberly Brunko appeals the district court's[1] grant of summary judgment in favor of Mercy Medical Center, Inc. (Mercy) in her action alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101-12213 (1994), and the Iowa Civil Rights Act (ICRA), Iowa Code § 216.1-216.20 (1999).  We affirm.

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

## I.

Brunko began working at Mercy in 1987 as a staff nurse. She was later transferred to the trauma center. In 1993, Brunko injured her back in a work-related accident and underwent a diskectomy on November 18, 1993. Although she initially returned to work without any restrictions, she began to experience pain in her lower back and left leg. She again sought medical treatment. On December 4, 1995, Brunko provided Mercy with a return-to-work slip issued by her physician with a permanent lifting restriction of no more than 40 pounds. At that time, Mercy had in place a 75-pound lifting requirement for staff nurses. Brunko asserts that Mercy terminated her as a result of her inability to meet the lifting requirement. Mercy, however, asserts that it encouraged her to apply for and offered her other available positions in the hospital, but Brunko accepted employment at another health services company instead. Brunko has in fact held nursing positions at several nursing companies since leaving Mercy. Brunko filed a complaint against Mercy alleging that she was terminated in violation of the ADA and the ICRA. The district court granted Mercy's motion for summary judgment. Brunko appeals.

## II.

We review the grant of summary judgment de novo. Maziarka v. Mills Fleet Farm, Inc., 245 F.3d 675, 678 (8th Cir. 2001). "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Id.

The ADA prohibits employers from discriminating against qualified individuals who are disabled because of a disability. 42 U.S.C. § 12112(a). To prove a claim under the ADA, Brunko must show that she is disabled within the meaning of the ADA, that she is qualified, with or without accommodation, to perform the essential functions

2

of the job, and that she has suffered an adverse employment action because of the disability. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995). A disability under the ADA is "'(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 948-49 (8th Cir. 1999) (quoting 42 U.S.C. § 12102(2)). "Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working, as well as sitting, standing, lifting, and reaching." Cooper v. Olin Corp, Winchester Div., 246 F.3d 1083, 1088 (8th Cir. 2001) (internal citation omitted.). Disability claims under the ICRA are analyzed in accordance with federal standards. Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997).

Brunko asserts on appeal that the district court erred in concluding that she was not actually disabled or perceived to be disabled within the meaning of the ADA. To prove actual disability, Brunko must show that she is substantially limited in a major life activity. See Fjellestad, 188 F.3d at 948. Brunko contends that she is substantially limited in the major life activity of working as a result of her 40-pound lifting restriction. We disagree. Although lifting itself is identified as a major life activity, this court has held that a general lifting restriction without more is insufficient to constitute a disability within the meaning of the ADA. Gutridge v. Clure, 153 F.3d 898, 901(8th Cir. 1998), cert. denied, 526 U.S. 1113 (1999)(45-pound restriction does not limit life activity of lifting); Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1207(8th Cir. 1997)(25-pound restriction does not limit ability to perform major life activity). Additionally, it is clear from the record that Brunko was only precluded from performing a narrow range of jobs as evidenced by the fact that she has worked in several nursing jobs after leaving Mercy and the fact that Mercy offered her other positions in the hospital that did not require lifting more than her limit. Hence, she was not disabled from the life activity of working because of her lifting restriction.

We also disagree with Brunko that Mercy perceived her as disabled. To be regarded as disabled under the ADA, Brunko would have to show that Mercy mistakenly believed that she had a physical impairment that substantially limited one or more major life activities, or Mercy mistakenly believed that she had an actual, nonlimiting impairment which substantially limited one or more major life activities. Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999). The provision addressing perceived disabilities "is intended to combat the effects of 'archaic attitudes,' erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities." Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995). Brunko relies on the deposition testimony of John Engelby, the head of Mercy's human resources department, that she would be incapable of performing any staff nursing work at the hospital, as evidence of her perceived disability. However, Engelby's perception was not based on any myths or archaic attitudes about the disabled, but rather his perception was based on Brunko's own treating physician's recommendation that she could not work in certain positions which would require her to lift more than 40 pounds. In addition, Mercy did not perceive Brunko's lifting restriction as substantially limiting the major life activity of working as Mercy encouraged Brunko to apply for and accept other positions in the hospital. The major life activity of working "does not mean working at a particular job of that person's choice. An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one." Id. at 386 (citations and quotations omitted.).

Because Brunko has not met the first element of actual or perceived disability of a prima facie case under the ADA, she is not entitled to protection under the ADA. Consequently, we need not address the issue of whether Mercy attempted to reasonably accommodate her.

III.


For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Mercy.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.