# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3000
_____

| | | |
|---|---|---|
| Geneva Proctor, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| UNUM Life Insurance Company of | * | |
| America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 4, 2002
Filed: January 29, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Geneva Proctor appeals the District Court's[1] adverse grant of summary judgment in her action under the Employment Retirement Security Income Act of 1974 (ERISA). Proctor sued UNUM Life Insurance Company of America (UNUM), the administrator of her former employer's long-term disability benefit plan (Plan), alleging wrongful denial of benefits. Having conducted a de novo review of the record, and of the District Court's application of the deferential abuse-of-discretion

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

standard of review, see Donaho v. FMC Corp., 74 F.3d 894, 897-98 (8th Cir. 1996), we affirm.

Specifically, we agree with the District Court that UNUM did not abuse its discretion in denying benefits. See Delta Family-Care Disability & Survivorship Plan v. Marshall, 258 F.3d 834, 841 (8th Cir. 2001) (explaining that a plan administrator's decision to deny benefits must stand if it is reasonable, i.e., supported by relevant evidence that a reasonable mind might accept as adequate to support the decision). After conducting similar tests with differing results, examining physicians Joseph Matthews and Deanna Ruddell reached opposite conclusions as to whether Proctor has a disabling allergy to latex. Thus, it was reasonable for UNUM to credit Dr. Matthews's opinion, which was based on two types of skin tests, an independently-analyzed blood test, and a lung-function study. See id. at 843 (ruling that a plan administrator does not abuse its discretion in finding employee not disabled where record reflects conflicting medical opinions). It also was reasonable for UNUM to decline to find Proctor disabled based on the January 2000 letter from her treating physician, Dr. Barger, who failed to specify which of the conditions he listed was disabling, or to explain how they prevented her from working as a radiologic technologist. Further, contrary to Proctor's assertion, the Plan specifically requires that she be under the regular care of a physician for her allegedly disabling condition.

Proctor's reliance on Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), is misplaced. The key issue in an ERISA denial-of-benefits action is whether the plan administrator's decision is supported by substantial evidence, although that determination is made in part by considering the quality of the evidence. See Fletcher-Merrit v. NorAm Energy Corp., 250 F.3d 1174, 1179 (8th Cir. 2001). Even if Daubert applies, Proctor did not present her test-reliability argument to the Plan, so the District Court was precluded from considering the argument and the medical literature upon which it was based. See Layes v. Mead Corp., 132 F.3d 1246, 1251

(8th Cir. 1998) ("Under the abuse of discretion standard, the reviewing court should consider only evidence that was before the plan administrator when the claim was denied.").

Accordingly, we affirm.

BRIGHT, Circuit Judge, concurring separately.

I concur but write separately to observe that Proctor's employer determined that it was unsafe for her to return to work. Although a June 2000 letter from UNUM indicates that, in October 1999, Proctor's employer offered her a job (unspecified) which she turned down (Appellant's App. at 94), from June 22 to October 1999 her employer would not allow her to return to work. As to this period, Proctor might have a viable action against her employer under the Americans with Disabilities Act (ADA). See Brunko v. Mercy Hosp., 260 F.3d 939, 942 (8th Cir. 2001) (to be regarded as disabled under ADA, employee must show that employer mistakenly believed she had physical impairment that substantially limited one or more major life activity).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-