# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2596

_____

Clifford Frazee,                                   *
                                                   *
               Appellant,                          *
                                                   *   Appeal from the United States
        v.                                         *   District Court for the
                                                   *   Western District of Missouri.
City of Independence, Missouri,                    *
                                                   *        [UNPUBLISHED]
               Appellee.                           *

_____

Submitted:  February 7, 2003
    Filed:  February 12, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

        Clifford Frazee appeals the District Court's[1] adverse grant of summary judgment on his claim under the Americans with Disabilities Act (ADA). He also appeals the Court's subsequent grant of judgment as a matter of law (JAML) on his only claim to go to trial, a sex-based hostile work environment claim. Having carefully reviewed the record, see Dropinski v. Douglas County, 298 F.3d 704, 706 (8th Cir. 2002) (summary judgment standard of review); Clark v. Long, 255 F.3d 555, 557 (8th Cir. 2001) (JAML standard of review), we affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

We agree with the District Court that Frazee failed to create a trialworthy issue on whether he was disabled under the ADA, see Toyota Motor Mfg. v. Williams, 534 U.S. 184, 187, 195–98, 200–01 (2002) (ADA claimant must show impairment that "substantially"—i.e., considerably or to large degree—limits major life activity, which must be significantly restricted as to how claimant can perform it as compared to average person; central inquiry is whether claimant is unable to perform tasks central to most people's lives, not tasks associated with specific job; and, assuming working is major life activity, claimant must show inability to work in broad class of jobs rather than specific job), or whether his former employer, the City of Independence (City), perceived him as disabled, see Brunko v. Mercy Hosp., 260 F.3d 939, 942 (8th Cir. 2001). We also find no abuse of discretion in the District Court's decision to grant City's motion to strike Frazee's designated expert, Dr. Daniel Zimmerman. See Glastetter v. Novartis Pharms. Corp., 252 F.3d 986, 988–89 (8th Cir. 2001) (per curiam). In any event, Dr. Zimmerman's vague opinion as to Frazee's limitations would not have helped him defeat City's summary judgment motion.

We also find that JAML on Frazee's hostile work environment claim was proper. The profane remarks made to him, and about him, by a female assistant superintendent—while relatively frequent and entirely inappropriate, insulting, and unprofessional—were not "so severe and extreme that a reasonable person would find that the terms and conditions of [Frazee's] employment had been altered." See Duncan v. Gen. Motors Corp., 300 F.3d 928, 934 (8th Cir. 2002) (in determining whether conduct is sufficiently severe or pervasive, court looks to totality of circumstances, including frequency and severity of discriminatory conduct, whether it is physically threatening or humiliating as opposed to being mere offensive utterance, and whether it interfered with employee's work performance).

Accordingly, we affirm. See 8th Cir. R. 47B. We also deny City's motion to strike.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.