# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3835

_____

| | | |
|---|---|---|
| Marshall Rinkenberger, | * | |
| | * | |
| Appellant, | * | On Appeal from the |
| | * | United States District Court |
| v. | * | for the District of |
| | * | Minnesota. |
| | * | |
| City of Clearwater, Minnesota, | * | [Not to be published] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 23, 2002

Filed: August 5, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Mr. Rinkenberger sued the City of Clearwater, Minnesota, alleging that it violated the Americans with Disabilities Act (ADA) when it fired him from his volunteer firefighter position. The District Court[1] granted the City's motion for summary judgment. The Court concluded that because Mr. Rinkenberger was only

_____

[1] The Hon. Richard H. Kyle, United States District Judge for the District of Minnesota.

temporarily unable to perform his firefighter duties for eleven months, he was not disabled under the ADA.

On appeal, Mr. Rinkenberger argues that his medical problems[2] have affected him since 1993, and therefore that he was not merely "temporarily" disabled. We are not persuaded by this new argument. In his complaint, Mr. Rinkenberger stated that he was able to do his job without disability from 1982 to 1998. Appellee's Appendix 10. Assuming that he meant from 1982 until July 1997, when he alleged that he became unable to do his job as a fireman, id., he nevertheless has admitted that his disability does not go all the way back to 1993. Additionally, he presented evidence that he attended a majority of fire calls in 1994, 1995, and 1996. During this time, then, his mental and physical impairments did not substantially limit his ability to work. By February 1998, letters from his doctors show that he was physically and mentally able to return to work as a firefighter. This leaves a period of less than one year during which Mr. Rinkenberger could not do his job. Therefore, we agree with the District Court that no reasonable jury could find that Mr. Rinkenberger suffered from a permanent or long-term condition, as required to qualify as disabled under the ADA. See Mellon v. Federal Express Corp., 239 F.3d 954, 957 (8th Cir. 2001) ("Only a permanent or long-term condition will suffice" to qualify a person for the ADA's protection).

---

[2] The exact nature of these medical problems is not clear. In the District Court, Mr. Rinkenberger claimed that he suffered from back problems caused by falling on ice in February 1997 and from depression because of worry about ill family members. On appeal, however, he states that after the District Court's judgment, a doctor determined that his symptoms are caused by a problem at the base of his cranium and top of his spinal cord. He does not relate this condition to the fall on the ice in 1997, but rather suggests that it may stem from a childhood injury.

In addition, we hold that the judgment must be affirmed for an independent reason. Assuming that Mr. Rinkenberger's contentions with respect to his physical and mental conditions during the relevant time were correct, he cannot escape the conclusion that he was not able to perform the essential functions of his job. He was not able to meet a requirement that he respond to 20 per cent. of fire calls. Attendance at work is an essential requirement of the job. The plaintiff does not suggest, nor have we thought of, any accommodation that could have substituted for this performance.

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.